**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| MARGARET L. WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:07-CV-60 TS |
| | ) | |
| KAUTEX, INC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Margaret L. Wilson, a *pro se* plaintiff, filed motions seeking three distinct forms of relief. First, she asks for a refund of the filing fee she paid. She argues that the 2007 poverty guideline for a family of one living in Indiana is $10,210 and that as of April 15, 2007 she has only earned $8,474.39 during 2007. This argument misunderstands the calculation of annualized income. Though few have earned any money on January 1st, that does not mean that they qualify as paupers. The annualized value of Ms. Wilson's current income to date would result in her earning nearly $30,000. Even if she earns substantially less than that, she still does not qualify to proceed *in forma pauperis*. Furthermore, the fee has already been paid. The time for seeking reconsideration of the initial denial of *in forma pauperis* status was before the fee was paid.

Second, Ms. Wilson asks that Kelly Services not be informed about this litigation. Kelly Services is a non-party and therefore will not receive routine notice from the court about this proceeding. Nevertheless, this lawsuit is a public proceeding that can be reported in the news and discussed by the community. Though the names of minors and other litigants are sometimes kept under seal, there is no basis for doing so in this *pro se* employment discrimination case.

Third, Ms. Wilson asks to transfer this case. She states:

> In addition, Plaintiff also request that my case be transferred preferably to the United States District Court Northern District of Indiana Hammond Division; due to what was told to me at the EEOC Mediation by the defendant attorney Ms. S. Goetz on Tuesday, 15-November-2006 who clearly stated during the mediation process that she knew a U.S. Federal District Attorney in the U.S. Northern District Courts, who would dismiss my complaint before it went to court and that she was confident that this would be done. This is a conflict of interest and this partial influence will prejudices my case and deny me the right to receive a fair and unbiased ruling in my Employment Discrimination Case.

(Mot. at 1; DE 13.) Merely transferring the case to a different division would not result in reassignment of judicial officers. Nevertheless, since only the judge assigned to this case can dismiss it, the Court construes the Plaintiff's motion as seeking to recuse the assigned judge.

"Recusal under § 144 is mandatory once a party submits a timely and sufficient affidavit and her counsel presents a certificate stating that the affidavit is made in good faith." *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993) *citing United States v. Balistrieri*, 779 F.2d 1191, 1199-1200. "Because the statute 'is heavily weighed in favor of recusal,' its requirements are to be strictly construed to prevent abuse." *United States v. Sykes*, 7 F.3d at 1339 *quoting United States v. Balistrieri*, 779 F.2d at 1199.

Here, there is neither an affidavit nor a certificate from counsel stating that the affidavit is made in good faith.

> Although a *pro se* litigant ordinarily may take the same action on his or her own behalf that an attorney could, that approach should not apply to the requirements of Section 144. First, the statutory language is quite plain in requiring a certificate from counsel of record." The Seventh Circuit, like other circuits, has stressed the importance of strict enforcement of the procedural and substantive requirements of Section 144. *E.g., Sykes,* 7 F.3d at 1339. Second, although standards and procedures for disqualification to ensure both the reality and the appearance of impartiality are essential elements of our court system, they can be abused as devices for mere forum-shopping. Section 144 strikes a balance by providing both powerful and nearly automatic procedures for disqualification, while requiring counsel's certificate of good faith as a means to prevent abuse. As Judge Murrah explained in *Mitchell*, the requirement in Section 144 assumes that a member of

2

the bar and officer of the court will not recklessly abuse the statute's powerful automatic procedures. *Mitchell [v. United States],* 126 F.2d [550] at 552 [(10th Cir. 1942)]. That assumption may be based on both a confident faith in the integrity of the bar and perhaps a less optimistic awareness of the court's power to impose meaningful sanctions upon an attorney if Section 144 were abused. If a *pro se* litigant may use Section 144, the statute's essential safeguard of counsel's certificate of good faith is lost. Third, *pro se* litigants have other effective mechanisms available to protect them from biased judges. Most important, they can raise exactly the same issues under 28 U.S.C. § 455. If they cannot use Section 144, all they will lose is the automatic disqualification that occurs under Section 144.

*Robinson v. Gregory*, 929 F.Supp. 334, 337-338 (S.D. Ind 1996). Because Ms. Wilson's motion is not in the form of an affidavit and there is no certificate of counsel, the motion does not meet the requirements of § 144, and so will be considered under § 455.

Ms. Wilson alleges that during mediation, defense counsel told her that her case would be dismissed and that she knew who would do it. Before this case was filed, it was impossible to know which judge would be assigned to it. Based on a random assignment system, any of the sitting judges in the Northern District of Indiana could have been assigned to it. Indeed, the mathematical odds make it three times as likely that a Fort Wayne case will be assigned to a judge from Hammond or South Bend than from Fort Wayne. There was only a roughly 25% chance that this case filed in Fort Wayne would be assigned to a judge from the Fort Wayne Division.

28 U.S.C. § 455(a) requires a federal judge to "*disqualify himself in any proceeding in which his impartiality might reasonably be questioned.*" We have stated: Section 455(a) asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry. An objective standard is essential when the question is how things appear to the well-informed, thoughtful observer rather than to a hypersensitive or unduly suspicious person . . . . Trivial risks are endemic, and if they were enough to require disqualification we would have a system of peremptory strikes and judge-shopping, which itself would imperil the perceived ability of the judicial system to decide cases without regard to persons. A

> thoughtful observer understands that putting disqualification in the hands of a party, whose real fear may be that the judge will apply rather than disregard the law, could introduce a bias into adjudication. Thus the search is for a risk substantially out of the ordinary.

*Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996) (citations omitted, emphasis in original).

Viewed in the context of mediation, the comments of defense counsel were merely a negotiating strategy intending to convey confidence that her client would prevail based on past judicial rulings in similar cases, not an expression of improper judicial bias. This court does not believe that the allegations are objectively reasonable and finds that they are insufficient to require recusal pursuant to § 455(a).

> In determining whether a judge must disqualify himself under 28 U.S.C. § 455(b)(1), the question is whether a reasonable person would be convinced the judge was biased. The negative bias or prejudice from which the law of recusal protects a party must be grounded in some personal animus or malice that the judge harbors against him, of a kind that a fair-minded person could not entirely set aside when judging certain persons or causes. Moreover, recusal is required only if actual bias or prejudice is proved by compelling evidence.

*Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996) (citations and quotation marks omitted).

Because there is no compelling evidence of personal bias, recusal is not warranted pursuant to § 455(b)(1).

For the foregoing reasons, the court **DENIES** the motions (DE 13, 15, and 16).

SO ORDERED on June 4, 2007.

    S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT