UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **MARGARET L. WILSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CAUSE NO.  1:07-CV-00060 |
| | ) | |
| **KAUTEX, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

Before the Court is a motion (Docket # 33) entitled "Motion to Rule in Favor of the Plaintiff Against the Attorney[s] for the Defendants for Lack of Request for Admission" ("Motion") filed by *pro se* Plaintiff Margaret Wilson on July 5, 2007, requesting that the Court "move to have the case ruled in her favor" because Defendants allegedly "responded in bad-faith" to her request for admissions. (Motion at 1.)  Defendants filed a response in opposition to the Motion on July 30, 2007 (Docket # 43, 45, 46), and the time for Wilson to reply has now passed.  For the following reasons, Wilson's Motion will be DENIED.

Federal Rule of Civil Procedure 36(a) states:

> The answer [to a request for admission] shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.  A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.

Furthermore, "[c]ourts have concluded that the ability to move to determine the sufficiency of answers and objections does not entitle one to request that a court determine the accuracy of a denial." *United States v. Operation Rescue Nat'l*, 111 F. Supp. 2d 948, 968 (S.D. Ohio 1999);

*see also Michael v. Wes Banco Bank, Inc*., No. CIVA 5:04CV46, 2006 WL 1705935, at *2 (N.D. W.Va. June 16, 2006); *Mayes v. City of Hammond, Ind*., No. 2:03-CV-379-PRC, 2006 WL 2251877, at *2 (N.D. Ind. Aug. 1, 2006).  "[I]t has been held that a consideration of 'sufficiency' should focus on the specificity of the response and not on whether the response is correct." *Michael*, 2006 WL 1705935, at *2; *see also Mayes*, 2006 WL 2251877, at *2.

      Here, Defendants responded to each of Wilson's request for admissions with a denial, an admission, or a partial admission or partial denial, thereby complying with Rule 36(a). (Docket # 46.)  Though Wilson contends that "Defendants did not act in compliance in truthfully responding to [her] facts" (Motion at 1), she provides absolutely no evidence to substantiate her bald accusation. *See* Fed. R. Civ. P. 37(c)(2) ("If a party fails to admit . . . the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter *proves the genuineness of the . . . truth of the matter*, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof . . . ." (emphasis added)).  Consequently, her Motion is meritless.

      Wilson is, of course, free to explore at trial any perceived factual inconsistency on Defendants' part. *See Mason v. Smithkline Beecham Corp*., No. 05-CV-1252, 2007 WL 781758, at *3 (C.D. Ill. Mar. 12, 2007) (stating that an attack on defendant's credibility in an effort to point out inconsistencies is an issue reserved for summary judgment or trial, not a motion to compel); *Mayes*, 2006 WL 2251877, at *2 ("If a party believes a response to a request to admit is incorrect, the appropriate remedy under Rule 26 is to prove the matter at trial, and then apply to the court for reasonable expenses, including reasonable attorney fees, in making that proof."). Clearly, Wilson's plea "to have the case ruled in her favor" requests an inappropriate, premature

sanction. *See generally Ghashiyah v. Frank*, No. 05-C-0766, 2007 WL 128338, at *3-4 (E.D. Wis. Jan. 11, 2007); *Morrison v. Greeson*, No. 1:06-cv-24-SEB-JPG, 2007 WL 2237624, at *17 (S.D. Ind. July 31, 2007).

    Therefore, Wilson's Motion (Docket # 33) is hereby DENIED.

    SO ORDERED.

    Enter for this 20th day of August, 2007.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge
