UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **MARGARET L. WILSON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.  1:07-CV-60 |
| | ) | |
| **KAUTEX, A TEXTRON COMPANY, et. al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the "Motion to Dismiss Defendant(s) First Set of Interrogatories and Production of Documents Submitted to Plaintiff ("Wilson") and Compel Defendant(s) to Comply with Discovery Rules" (Docket # 63) filed by *pro se* Plaintiff Margaret L. Wilson on October 16, 2007.  In her motion, Wilson seeks, among other things, an order compelling full and complete responses to seventeen interrogatories (Interrogatories 1-16 and 28), the answers to which Defendants filed in accordance with Local Rule 26.2(e) on October 1, 2007 (Docket # 60, 61).  On November 5, 2007, Defendants filed what they called a "Verified Response" to Wilson's motion (Docket # 72),[1] arguing that the first sixteen of Wilson's interrogatories were overly broad and unduly burdensome and thus objectionable, and that in any event, they fully responded to Interrogatory 28.  Wilson filed a reply (Docket # 73) on November 16, 2007.

Having reviewed the briefs, the Court believes that some additional briefing in

---

[1] Defendants' use of the term "verified" suggests that the response was submitted under oath, but the document does not reveal that to be the case.

accordance with this Order would be helpful.  To start, Defendants offered boilerplate objections to Wilson's interrogatories and in particular, suggest that the first sixteen of them are overly broad and unduly burdensome.  The problem with this assertion, indeed with any objection Defendants would offer, is that they may be too late.  As the record reveals, the interrogatories were served on August 3, 2007, which means that under Federal Rule of Civil Procedure 34(b), written responses and any objections were due on or about September 4, 2007.  Apparently, however, the parties agreed to an extension until September 14, 2007. (Docket # 57.)  Nevertheless, despite the extension granted by Wilson, Defendants did not file their interrogatory answers and their objections until October 1, 2007.

The legal effect of a tardy objection is that it "is waived unless the party's failure to object is excused by the court for good cause shown." Fed. R. Civ. P. 33(b)(4).  Defendants have not offered good cause for why it took until October 1, 2007, to answer Wilson's interrogatories, but of course, perhaps the record is misleading.  For example, maybe the parties agreed to another extension and never bothered to inform the Court, or perhaps Defendants truly have "good cause" and have just not advanced it.  Furthermore, even if good cause cannot be shown, there is no waiver of objections if the delay is not substantial. *See, e.g., Fifty-Six Hope Road Music, Ltd. v. Mayah Collections, Inc*., No. 2:05-cv-01059-KJD-GWF, 2007 WL 1726558, at *4 (D. Nev. June 11, 2007) (citing *Blumenthal v. Drudge*, 186 F.R.D 236, 240 (D.D.C. 1999) (stating that plaintiffs did not demonstrate good cause for failing to timely object, but court allowed objections where the responses were only five or nine days late and the merits of the objections were not challenged); *Burlington Ins. Co. v. Okie Dokie, Inc*., 368 F. Supp .2d 83, 91 (D.D.C. 2005) (holding that objections were not waived where responses were served nine days

2

late)).  Perhaps the seventeen-day delay here is equally insubstantial, *de minimis* in the words of the law, but the problem is that neither side has offered any argument to suggest that to be the case.

Equally troubling is the lack of discussion concerning the corollary proposition, the one that would arise if the Court deems that a waiver of objections has occurred.  In particular, the Court can under Federal Rule of Civil Procedure 26(b)(2)(C) decline to grant a motion to compel, even where the party's discovery objections have been waived, if what is sought far exceeds the bounds of fair discovery. *Id.* (citing *Krewson v. City of Quincy*, 120 F.R.D. 6, 7 (D. Mass. 1988); *Shenker v. Sportelli*, 83 F.R.D. 365 (E.D. Pa. 1979) (declining to order production of completely irrelevant information, notwithstanding defendant's failure to timely object)).  The additional briefing that will follow this Order should enlighten the Court on this proposition as well.

Accordingly, Defendants are to file a brief on or before November 30, 2007, that addresses why their objections to Wilson's interrogatories should not be deemed waived.  Wilson shall have to and including December 10, 2007, to file a response.

Similarly, Wilson is to file a brief on or before November 30, 2007, that addresses the relevancy of Interrogatories 1-16 and whether they can be narrowed in scope (either temporally or by subject).  For example, Wilson should tell the Court how "other [civil] court proceeding[s]" involving Defendants would be relevant to her employment discrimination case or why criminal proceedings involving Defendants (including traffic offenses) are "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  Defendants shall have to and including December 10, 2007, to file a response.

Wilson's motion to compel will be taken under advisement pending this further briefing.

SO ORDERED.

Enter: November 20, 2007.

S/Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge
