UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MARGARET L. WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.  1:07-CV-60 |
| ) | |
| KAUTEX, A TEXTRON COMPANY, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

### INTRODUCTION

On November 29, 2007, *pro se* Plaintiff Margaret Wilson filed a "Motion to Dismiss Defendant(s) [sic] Request for Production of Documents From Plaintiff [sic] Business Associates" (Docket # 76), which this Court has construed as a Motion for Protective Order under Federal Rule of Civil Procedure 26(c)(1).  (Docket # 78.)  In her motion, Wilson objects to Defendants' requests for production of documents from her former employers Kelly Services, Fort Wayne Community Schools Corporation, Otis R. Bowen Center in Fort Wayne, IN, and Otis R. Bowen Center in Warsaw, IN; a purported prospective employer, McDonalds; and two state agencies, Allen County Office of Family and Children and the Indiana Department of Workforce Development.  (Docket # 76.)

This case arises from Wilson's claims of race and sex discrimination under Title VII of the Civil Rights Act of 1964, as amended under 42 U.S.C. § 2000e-5.  (Compl. 1.)  In her Complaint, Wilson further alleged that she has suffered retaliation for her workplace discrimination complaints, a hostile work environment, and "ongoing slander that continues to prevent [her] from obtaining a professional career."  (Compl., Statement of Legal Claim at 2,

Facts in Support of Complaint at 1.)  In objecting to the Defendants' requests for production of documents, Wilson claims that the information sought is privileged and/or confidential, citing "the Code of Federal Regulations of the Freedom of Information Act Sec. 503[.]" (Pl.'s Mtn. for Protective Or. 1-2.)  Wilson essentially argues that she has not authorized the release of any personnel records or information and that the Defendants' "sole purpose [in seeking this information] is to publicly retaliate against and slander the Plaintiff in hopes of a dismissal . . . ." (Pl.'s Mtn. for Protective Or. 2.)  For the reasons set forth herein, Wilson's motion will be DENIED.

## DISCUSSION

"Federal Rule of Civil Procedure 26(b)(1) permits discovery 'regarding any matter, not privileged, that is relevant to the claim or defense of any party.'"  *Ezell v. Potter*, No. 2:01 CV 637, 2006 WL 1094558, at *1 (N.D. Ind. March 16, 2006).  "[I]f there is any possibility that the discovery sought may lead to information relevant to the subject matter of the litigation, then the discovery should generally be provided."  *Wauchop v. Domino's Pizza, Inc.*, 138 F.R.D. 539, 544 (N.D. Ind. 1991) (citations omitted).

The Defendants' requests for production of documents include various records, primarily pertaining to Wilson's employment.  Each is similar in breadth.  For example, the request to Kelly Services reads as follows:

> Any and all documents, applications, notes, correspondence, records and things regarding (i) any applications for employment and (ii) interviews or other employment/hiring considerations regarding . . . Wilson . . . including, but not limited to, the following: notes; application forms and attachments; correspondence to or from Margaret Wilson; evaluations; notes from any oral conversations with Wilson; hiring decision notes; payroll records; placement records; and any and all documents pertaining to Margaret Wilson.

2

(Resp. Br. Ex. A.)  Defendants argue that their "requests for production of documents to Nonparties seek relevant, non-privileged documentation related to Wilson's claims against Kautex."  (Resp. Br. 2.)

Here, the Defendants assert that the documents pertain to potential damages, implicate Wilson's credibility because Wilson did not disclose a former employer on her Kautex job application, and may lead to evidence regarding the reasons for Wilson's employment termination.  (Resp. Br. 2-3.)  Furthermore, the Defendants point to particular allegations in Wilson's Complaint and pleadings as a basis for discovery requests.  Specifically, the Defendants highlight Wilson's allegations that Kautex retaliated against her for a claim she made against Otis Bowen Center, that Kautex created a hostile and dangerous work environment because of a settlement for a discrimination charge against Otis Bowen Center, that Kautex slandered Wilson and gave false information to the Indiana Department of Workforce Development and the Allen County Office of Family and Children, that Kautex "blacklisted" Wilson in the job market, and that Kautex gave information to Wilson's employers and potential employers causing Wilson to be unable to secure employment. (Resp. Br. 3.)  Consequently, the Defendants argue that the discovery requested is relevant because "Wilson put these contentions at issue in this case."  (Resp. Br. 3.)

The Defendants' position is well taken.  Given that Wilson is seeking compensation for lost wages, a 401K plan, and health benefits since her termination at Kautex in December 2005, employment records pertaining to subsequent employment opportunities would demonstrate to what degree, if any, Wilson has experienced financial loss and its root cause.  (Compl., Prayer for Relief.)  Wilson is also seeking "[f]ull pension based upon . . . being Black-listed and

3

slandered by the company unable to secure employment [sic]," (Compl., Prayer for Relief), and throughout her pleadings has averred that Kautex slandered her and harmed her ability to secure employment.  Thus, the records sought would relate to reasons for termination from Wilson's various jobs and whether Kautex's alleged actions had any impact on her career or on her dealings with the state agencies.  *See, e.g.*, *Hodgdon v. Northwestern University*, 245 F.R.D. 337, 345 (N.D. Ill. 2007) ("The [employment] records rather clearly relate to the allegation of irreparable harm to career and reputation.").  Moreover, "'[w]hile certain aspects of the subpoena touch on the periphery of relevance (*i.e.* notes from interviews, notes from internal discussions . . . .), it cannot be said that they might not lead to admissible evidence." *Id*.

      Having established that the Defendants' requests for production of documents from Nonparties are relevant, we now turn to whether Wilson has shown good cause for a protective order.  Although Rule 26(b)(1) permits the discovery of relevant, non-privileged information, "Rule 26(c) provides that, upon good cause shown, the court may issue a protective order to shield a party from annoying, embarrassing, oppressing, or unduly burdensome discovery." *Ezell*, 2006 WL 1094558, at *1.  "This puts the burden on the party seeking the protective order to show some plainly adequate reason for its issuance." *Hodgdon*, 245 F.R.D. at 341 (citations omitted).

      To establish good cause,"[c]ourts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements . . . . " *Id*. (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16, 101 (1981); 8 C. Wright & A. Miller, Federal Practice and Procedure § 2035, p. 265 (1970)).  "The moving party establishes good cause by showing that 'disclosure will work a clearly defined and serious injury.'" *Ezell*, 2006 WL 1094558, at *1.

4

"Upon such a showing, the court may enter an order that provides 'that the disclosure or discovery not be had' or that it be had on specified conditions." *Hodgdon*, 245 F.R.D. at 341 (citing Fed. R. Civ. P. 26(c)(2)).  In the instant case, Wilson's attempt to show good cause is inadequate.

Wilson first argues that the personnel and employment records that the Defendants seek are privileged and confidential.  However, Wilson points to no recognized evidentiary privilege that would preclude discovery, nor has she shown that the information the Defendants request "falls within a legitimate category of confidential information." *Pierson v. Indianapolis Power & Light Co.*, 205 F.R.D. 646, 647 ( S.D. Ind. 2002).  "Neither personnel records nor employment agreements are, without more, legitimate categories of confidential information." *Id*.  *See also Ezell*, 2006 WL 1094558, at *2 ("Personnel records are not a legitimate category of confidential information, barring exceptional circumstances.  In general, employment records are freely discoverable in discrimination cases." (citations omitted)).

Wilson argues that the sole reason the Defendants are requesting the documents is "to publicly retaliate against and slander the Plaintiff in hopes of a dismissal which is why it refuses to obeyed [sic] by the Federal Court Rules of Discovery [sic] in addition by crippling [sic] Plaintiff from further livelihood."  (Pl. Mtn. for Protective Or. 2.)  She contends, "[i]f the information . . . is disclosed, it will jeopardize the system of confidentiality that assures a flow of information from sources to investigatory agencies and could very well aid to physically and bodily harm against the Plaintiff wellbeing [sic] and safety . . . ."  (Pl. Mtn. for Protective Or. 3.) Wilson elaborates in her Reply Brief that after the Defendants subpoenaed Kelly Services, they stopped giving her assignments, and after the request for production of documents was made to

5

Fort Wayne Community Schools, issues arose.  (Reply Br. 3-4.)  She further asserts that the Defendants "conspired against [her] in speaking with FWCS and Kelly Services for them to manufacture problems that never existed before."  (Reply Br. 6.)  Wilson also attached emails generated during her assignments for Kelly Services and a copy of a certificate from Kelly Services in an apparent attempt to prove this point.  (Reply Br. Ex. B-D.)

Wilson must establish good cause "by showing that 'disclosure will work a clearly defined and serious injury.'"  *See Ezell*, 2006 WL 1094558, at *1.  However, Wilson's allegations that the Defendants' requests for production of documents harmed her career and that the Defendants are conspiring to have her fired is speculative at best, lacking the "particular and specific demonstration of fact" required.  *Hodgdon*, 245 F.R.D at 341.  Other than the fact that Wilson is a party in a lawsuit, the Defendants' requests for production of documents reveal nothing about her, let alone anything damaging enough to render her unemployable.  Although she attempts to demonstrate that she had employment problems after the subpoenas were served, this fact by itself, if true, does not prove that the Defendants have acted slanderously or maliciously to jeopardize her career.

The Defendants' act of requesting information already contained in nonparties' personnel records is not slander and does not implicate any injury to Wilson.  Conclusory statements alleging reputational and even bodily harm do not justify denying the Defendants an opportunity to conduct discovery on Wilson's serious allegations of malicious and harmful actions.  Simply because the Defendants asked for information from Wilson's employers does not show that they caused her inability to secure employment, and Wilson has failed to explain why the disclosure of the information contained in the employment records "will work clearly defined and serious

injury,'" *Ezell*, 2006 WL 1094558, at *1, or will result in annoyance, embarrassment, oppression, or undue burden or expense. *See* Fed. R. Civ. P. 26(c). Accordingly, Wilson's Motion for Protective Order will be DENIED.

## CONCLUSION

For the reasons described herein, the Court hereby DENIES Plaintiff's Motion. (Docket # 76.) SO ORDERED.

Enter for this 7th day of January, 2008.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge
