**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| **MARGARET L. WILSON,**                           ) | |
|        **Plaintiff,**                                 ) | |
|        v.                                        ) | **CAUSE NO. 1:07-CV-60** |
| **KAUTEX, A TEXTRON COMPANY,**    ) et al.,                                   ) | |
|        **Defendants.**                              ) | |

## OPINION AND ORDER

### I. INTRODUCTION AND PROCEDURAL HISTORY

This matter is before the Court on *pro se* Plaintiff Margaret Wilson's "Motion to Dismiss Defendant(s) First Set of Interrogatories and Production of Documents Submitted to Plaintiff (["]Wilson") and Compel Defendant(s) to Comply with Discovery Rules" (Docket # 63), filed on October 16, 2007. Wilson seeks an order compelling full and complete responses to Interrogatories 1 through 16 and 28, and seeks to "dismiss" the documents pertaining to the interrogatory answers the Defendants produced on October 1, 2007, because, she alleges, they were not presented during the EEOC's investigation and are fabricated. (Docket # 63.) Wilson's Motion to Compel will be GRANTED in part and DENIED in part.

Defendants filed a "Verified Response" to Wilson's Motion (Docket #72) on November 5, 2007, asserting that Kautex's objections to Interrogatories 1 through 16 comport with the Federal Rules of Civil Procedure, that Wilson's first Interrogatory is overly broad and unduly burdensome, that Interrogatories 2 through 16 are overly burdensome, and that Kautex in fact answered Interrogatory 28. They also argue that Wilson misunderstands the EEOC investigation process, and that any alleged failure to produce documents during that investigation does not

preclude Kautex's use of them now.  (Docket # 72.)  They further assert that their responses are in good faith and that they have produced authentic copies kept in the regular course of business. (Docket # 72.)  Wilson filed her Reply (Docket #73) on November 16, 2007.

On November 20, 2007, this Court ordered additional briefing from each party.  (Docket # 74.)  The Defendants were to file a brief on or before November 30, 2007, explaining why their objections to Wilson's Interrogatories should not be deemed waived,[1] and Wilson was given until December 10, 2007, to respond.  The Court further ordered Wilson to file a brief on or before November 30, 2007, addressing the relevancy of Interrogatories 1 through 16 and whether they could be narrowed in scope temporally or by subject.  The Defendants were ordered to respond by December 10, 2007.

On November 30, 2007, the Defendants filed their "Supplemental Brief in Opposition to Plaintiff's Motion to Compel and Motion to Dismiss[.]" (Docket #79.)  Defendants assert that they had good cause for the delay in producing their discovery responses and objections, explaining that they "were tardy in responding to Wilson's initial discovery requests because Kautex had to search on-site and off-site storage archives for documents created in 2005" and that Kautex's human resources staff and accounting personnel had to search archived materials to retrieve the 693 pages of documents that responded to Wilson's Interrogatories.  (Def. Supplemental Br. in Opp'n to Pl.'s Mot. to Compel and Mot. to Dismiss ("Def. Supplemental Br.") 2, 4.)  The Defendants also argue that the Court should not deem their objections waived because the delay, a matter of mere days, was insubstantial and not prejudicial.

---

[1] The record reflects that the Interrogatories were served on August 3, 2007.  Accordingly, under Federal Rule of Civil Procedure 34(b), written responses and objections were due on or about September 4, 2007.  Although the parties apparently agreed to an extension of time until September 14, 2007, the Defendants did not file their answers and objections until October 1, 2007.

2

Finally, the Defendants maintain that even if the Court finds the Defendants waived their objections to Wilson's initial discovery requests, "the requests are overly broad" and "exceed the bounds of fair discovery." (Def. Supp. Br. in Opp. to Pl.'s Mtn. to Compel and Mtn. to Dismiss 5.) The Defendants cite to *Chavez v. Daimler Chrysler Corp.*, 206 F.R.D. 615, 620 (S.D. Ind. 2002), for the proposition that "[i]n employment discrimination cases, discovery is usually limited to information about employees in the same department or office absent a showing of a more particularized need for, and the likely relevance, of broader information," and they assert that "Wilson's initial discovery requests exceed these parameters." (Def. Supplemental Br. 5.)

Also on November 30, 2007, Wilson filed a motion for an extension of time to file her brief regarding the relevancy of her Interrogatories. (Docket # 81.) The Court granted that motion, giving Wilson until December 21, 2007, to file her brief, with the Defendants to respond by January 4, 2008. (Docket # 82.) The Court admonished Wilson, however, that she still had a deadline of December 10, 2007, to respond to Kautex's non-waiver arguments and their discovery objections.

Wilson ultimately filed a brief on December 13, 2007, addressing both the waiver issue and the question of relevancy. (Docket # 84.) Wilson again objects that the 693 pages of documents that Kautex produced were not offered during the EEOC federal investigation. (Pl. Supplemental Br. in Opp'n to Defs.' Supplemental Br. ("Pl. Supplemental Br.") 2.) Wilson also asks that the Court sanction the Defendants for failing to meet the September 14, 2007, deadline, which she attributes to "bad faith," and thereby preclude all documents submitted by Defendants. (Pl. Supplemental Br. 4.)

On the question of relevancy and scope, Wilson maintains that her request does not

3

exceed the reasonable bounds of fair discovery essentially because plaintiffs have broad discovery rights.  She contends that her discovery request is valid because it "need only 'encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'"  (Pl. Supplemental Br. 7 (citing *Oppenhiemer Fund, Inc., v. Sanders*, 437 U.S. 340, 351 (1978)).)  Wilson also cited various cases purportedly for the proposition that her discovery should extend to all the various defendant subsidiaries of Textron, not just the subsidiary, Kautex, that employed her.  (Pl. Supp. Br. in Opp. to Defs.' Supp. Br. 7-9.)  Lastly, in an apparent attempt to narrow the scope of her Interrogatories, Wilson offered three interrogatories to replace the initial Interrogatories 1 through 16.

No further briefing has followed Wilson's December 13, 2007, filing.  Accordingly, the Court will turn to the issues presented, after first briefly recalling the relevant standard.

## II.  ANALYSIS

In general, "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  For purposes of discovery, relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund*, 437 U.S. at 351.

Furthermore, Federal Rule of Civil Procedure 33, for example, empowers a party to serve written interrogatories on another party, and imposes a duty on the served party to answer each interrogatory "separately and fully."  Fed R. Civ. P. 33(a), (b).  According to Rule 37, if a party does not respond to an interrogatory, the party requesting the discovery may move the Court to

4

compel the opposing party to respond.  *See* Fed. R. Civ. P. 37(a)(2)(B).  "[A]n evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(3).

Notably, this Court has broad discretion when deciding whether to compel discovery.  Fed. R. Civ. P. 26(c); *Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1171 (7th Cir. 1998); *Gile v. United Airlines, Inc*., 95 F.3d 492, 495-96 (7th Cir. 1996).

### A.  The Defendants' objections are not waived because the delay was insubstantial.

"Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown."  Fed. R. Civ. P. 33(b)(4).  The Defendants argue that they had good cause for their tardy response because they had to search on-site and off-site for archived materials to produce the 693 pages of responsive documents.  (Def. Supplemental Br. 4.)  The record, however, is not particularly well developed as to the Defendants' efforts to meet the original or extended deadlines, and therefore, it is difficult to discern whether good cause actually delayed the production of the documents.

What is apparent, however, is that the delay in the instant case was truly insubstantial.  Even where there is no showing of good cause, the objections are not waived if the delay is not substantial.  *See, e.g., Fifty-Six Hope Road Music, Ltd. v. Mayah Collections, Inc.*, No. 2:05-cv-01059-KJD-GWF, 2007 WL 1726558, at *4 (D. Nev. June 11, 2007) ("The Court may hold that untimely objections are not waived where the delay is not substantial or good cause is shown for not making timely objections.") (citing *Blumenthal v. Drudge*, 186 F.R.D. 236, 240 (D.D.C. 1999) (stating that plaintiffs did not demonstrate good cause for failing to timely object, but court allowed objections where the responses were only five or nine days late and the merits

5

of the objections were not challenged); *Burlington Ins. Co. v. Okie Dokie, Inc.*, 368 F. Supp. 2d 83, 91 (D.D.C. 2005) (holding that objections were not waived where responses were served nine days late, the opposing party was not prejudiced by the delay, and there was no misconduct)).  Here, the delay was a matter of days, and as the Defendants point out, discovery was open through December 31, 2007, with no impending trial date, and the delay did not prevent Wilson from conducting any discovery.  Furthermore, while Wilson conclusorily asserts that the delay in responding to the Interrogatories and producing the responsive documents was in bad faith, there is nothing to suggest that the delay was wilful or in any way calculated to prejudice Wilson.[2]

Therefore, because the Defendants' delay in filing their objections was insubstantial under the facts of this case, their objections have not been waived.

> **B. The Defendants' objections are valid because Interrogatory Nos. 1, 11, and 16 are overly broad, unduly burdensome, and ultimately exceed the bounds of fair discovery.**

Having found that the Defendants' objections are not waived, we now consider the merits of their objections.  The Defendants' objections are well taken.

We begin by noting that Interrogatories 2 through 10 and 12 through 15 pose questions to the various subsidiary Defendants that Wilson has sued.  However, because the Motion to Dismiss All Defendants Except Kautex remains pending, we will not take up in this Order the Motion to Compel as it pertains to those Defendants, and will address only those Interrogatories

---

[2]Wilson asserts that the Defendants acted in bad faith in failing to present the documents during the EEOC investigation, and conclusorily accuses the Defendants of fabricating documents; these contentions may raise a future evidentiary issue, but do not bear upon the issue of possible waiver because of delay or whether the Interrogatories are overly broad.

aimed specifically at Kautex, i.e. Interrogatories 1, 11, and 16.[3]

In Interrogatory 1, Wilson asks if Kautex has ever been involved in any discrimination suits, which arguably could produce information relevant to her case. However, Wilson did not appropriately limit the subject matter of Interrogatory 1, asking instead for information pertaining to *any civil* suit or court proceeding. The same is true about Interrogatory 11, because there Wilson seeks information about *any criminal* cases involving Kautex, including traffic offenses. Moreover, Wilson did not confine the temporal scope of either Interrogatory. (Docket # 49.)

Such requests are overly broad and unduly burdensome. The Court cannot see the relevance of other civil matters or criminal cases to Wilson's charge of discrimination. *See e.g., Johnson v. Jung*, Nos. 02 C 5221, 04 C 6158, 2007 WL 1752608, at *1 (N.D. Ill. June 14, 2007) ("Interrogatories seeking disclosure of every conceivable type of discrimination ever made against a defendant are generally deemed overly broad and impermissible.") Accumulating all the information Wilson requests for *any* kind of civil or criminal matter in which each of the Defendants has *ever* been involved would be a burdensome task indeed, and the lack of any temporal limitations increases this burden. Evidence regarding wholly different civil suits and criminal matters, if any, would do little to establish Wilson's particular claim of racial discrimination, and thus "the importance of the proposed discovery in resolving the issues" is outweighed by its burden. *See* Fed. R. Civ. P. 26(b)(2)(C).

Interrogatory No. 16 poses similar problems. (*See* Docket # 49.) Wilson inquires into

---

[3]Wilson is also suing Textron, the parent company of Kautex, but generally a parent is not liable for the wrongs of a subsidiary. *Bright v. Hill's Pet Nutrition, Inc.*, 2007 WL 4461787, at *4 (7th Cir. 2007) (citing *United States v. Bestfoods*, 524 U.S. 51 (1998)).

7

the shared space, facilities, resources, and tools between Kautex and the other Defendants.  This information does not appear relevant to charges of employment discrimination, and despite the Court's Order that Wilson address the relevancy of her Interrogatories, she has not explained how this information pertains to this case.  Perhaps Wilson is attempting to discover evidence bolstering her claim that the subsidiary Defendants were also involved in the alleged discrimination, but we still do not see how this information would be relevant and since there is a pending Motion to Dismiss, we will not compel a response until the Court determines that the other subsidiary defendants of Textron must remain in the case[4]

### C.  Wilson's proposed revised interrogatories only partially cure the defects with the original Interrogatories.

As to the proposed revisions submitted in Wilson's reply brief, two of the suggested interrogatories request *entirely different* information than that sought in her original Interrogatories 11 and 16 and thus fail to address or cure any defects.  (*See* Pl. Supplemental Br. 10, Interrogatories 2, 3.)  Moreover, we will not order Kautex to answer wholly new interrogatories which have never been served and to which Kautex has had no opportunity to respond.  Nevertheless, in order to give Wilson an opportunity to develop the record, we will by

---

[4]In fact, even if the Defendants' objections to Wilson's interrogatories were waived, the Court could, under Federal Rule of Civil Procedure 26(b)(2)(C), deny a motion to compel despite waiver of a party's discovery objections, if what is sought far exceeds the bounds of discovery.  *See Fifty-Six Hope Road Music, Ltd.*, 2007 WL 1726558, at *4 ("Even where the court deems the party's discovery objections to have been waived, it has the discretion to decline to compel production where the request far exceeds the bounds of fair discovery.") (citing *Krewson v. City of Quincy*,120 F.R.D. 6, 7 (D. Mass. 1988); *Shenker v. Sportelli*, 83 F.R.D. 365, 367 (D.C. Pa. 1979) ("In instances in which some of the discovery appears to have absolutely no relevance to the subject matter of the suit or is otherwise patently improper, we believe that it is within the discretion of the court not to compel discovery as to those matters.")); *see also Kolenc v. Bellizzi*, No. 95 CIV. 4494 (LMN KNF), 1999 WL 92604, at *3 (S.D.N.Y. 1999) ("'[W]hen the request far exceeds the bounds of fair discovery,' a court retains discretion to decline to compel the production of documents even if a timely objection has not been made.") (citation omitted).  Given the over-breadth of the interrogatories, as discussed above, the benefit of such discovery would so outweigh the burden such that the request "far exceeds the bounds of discovery."  *Kolenc*, 1999 WL 92604, at *3.

this Order and on the Court's own motion, extend the last date for the completion of discovery to April 15, 2008. With discovery extended, Wilson can pursue additional discovery (e.g. the newly conceived interrogatories offered in her December 13, 2007, Brief) and correspondingly, Kautex can proceed to take Wilson's deposition.

Wilson has, however, at least somewhat successfully cured the problems with the initial Interrogatory 1 in that she narrowed the scope of the subject matter to racial employment discrimination suits, information which "reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *See Oppenheimer Fund*, 437 U.S. at 351. Even so, however, the revised interrogatory is not entirely refined.

To explain, Wilson appears to request information from Kautex regarding any racial discrimination suits on a company-wide level, rather than limiting her request to information pertaining to the plant where she worked and where the alleged discriminatory acts took place.[5] *See Chavez v. Daimler Chrysler Corp.*, 206 F.R.D. 615, 620 (S.D. Ind. 2002) ("In employment discrimination cases, discovery is usually limited to information about employees in the same department or office absent a showing of a more particularized need for, and the likely relevance of, broader information."); *Davis v. Precoat Metals*, No. 01 C 5689, 2002 WL 1759828, at *2 (N.D. Ill. July 29, 2002) (finding the plaintiffs' requests for information sufficiently tailored

---

[5]Wilson proposes to limit the scope of Interrogatory 1 as follows:

[Has Kautex] [e]ver been a party to a racial employment discrimination law suit[] proceeding[]. Was it (a) filed with the Equal Employment Opportunity Commission (EEOC); (b) settled out of court by EEOC, (c) filed with the U.S. District Court; (d) and settled out of the U.S. District Court.

If so to the above; where was the place of the (e). local EEOC office where charge/cause was filed; (f). title and number of the charge/cause; (g). nature of charge/cause; (h). name of attorney for the plaintff/defendants and (i). settlement amount awarded.

(Pl. Supplemental Br. 10.)

9

where they "limited their requests to discrimination complaints, charges, and grievances filed by employees who worked at the same plant as the plaintiffs"); *Lute v. Consol. Freightways, Inc.*, No. S91-10M, 1992 WL 252342, at *1 (N.D. Ind. 1992) (limiting discovery to the facility where the Plaintiff worked).  Although Wilson cryptically contends that she needs this information because it may "demonstrate a pattern of racial abuse and discrimination," (Pl. Supplemental Br. 10.), "discovery must be tailored to the claim of disparate treatment," *Chavez*, 206 F.R.D. at 620, and Wilson has not shown a "particularized need" for company-wide information to pursue her individual claim.  *See Chavez*, 206 F.R.D. at 622 (finding an interrogatory seeking information on "'all previous lawsuits, grievances or complaints' alleging age discrimination against [d]efendant . . . in the last five years" overly broad to the extent it sought information not limited to the plant where the plaintiff worked).  Consequently, the information sought is discoverable to the extent that the interrogatory seeks information on racial discrimination lawsuits (or employee complaints of racial discrimination) pertaining to the Kautex plant in Avilla, Indiana, where Wilson worked.[6]

However, the revised version of Interrogatory 1 as written still contains no temporal limitation.  *See Johnson v. Jung*, Nos. 02 C 5221, 04 C 6158, 2007 WL 1752608, at *2 (N.D. Ill. June 14,2007) ("Interrogatories must be limited to the time frame involving the alleged discriminatory conduct.") (internal quotations and citations eliminated).  Limiting the period of time to the five years preceding the alleged discriminatory act should sufficiently provide Wilson

---

[6]The Defendants argue that Interrogatory 1 is overly broad in part because "it is not limited to lawsuits or proceedings initiated by similarly situated employees."  (Defs. Verified Resp. To Pl. Mots. to Dismiss and Compel Kautex's Discovery Responses 2).  However, the Defendants do not offer a description of the employees who would be similarly situated, and have not shown that allowing the discovery of information pertaining only to the Avilla plant would be unduly burdensome.

10

with relevant information without unduly burdening Kautex.  *See, e.g., Tomanovich v. Glen*, No. IP 01-1247 C Y/K, 2002 WL 1858795, at *2, 5 (S.D. Ind. Aug. 13, 2002) (finding that a "time period of five years is reasonable and appropriate" and placing the five year limit on an interrogatory requesting information about the defendant's previous charges of race, national origin, and age discrimination) (citing *Byers v. Ill. State Police*, No. 99 C 8105, 2002 WL 1264004, *2-3 (N.D. Ill. June 3,2002) (limiting discovery to five years); *Leibforth v. Belvidere Nat'l Bank*, No. 99 C 50831, 2001 WL 649596, at *2 (N.D. Ill. June 8, 2001) (limiting interrogatory responses to "five years preceding the alleged discriminatory act")).  We therefore find that because the alleged discriminatory acts took place in 2005, information regarding employee complaints of racial discrimination and discrimination lawsuits against Kautex at the Avilla, Indiana, plant from January 1, 2000, to the present are discoverable, except for the amount of any confidential settlements.  *See, e.g., Butta-Brinkman v. Financial Collection Agencies Int'l*, 164 F.R.D. 475, 477 (N.D. Ill. 1995) (finding that confidential settlement agreements were not discoverable "[a]bsent a showing by the plaintiff that she will be unable to obtain the relevant information through other discovery requests or interrogatories").

**D.  Kautex has partially responded to Interrogatory 28.**

Wilson also contends that Kautex has not completely answered Interrogatory 28, which asks for a plethora of information about any African American employees who worked "in the office" at Kautex.[7]  Kautex objects that this Interrogatory is overly broad and unduly

---

[7] Furthermore, although it is a bit unclear, Wilson also seemingly asks for a large amount of information about all other permanent office employees and contractor employees, regardless of race.  This request seems irrelevant to Wilson's individual claim of racial discrimination, that is, we do not understand how it "reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund*, 437 U.S. at 351.

11

burdensome, and we agree. Wilson failed to incorporate temporal limitations in her request, and simply asks about *all* African American employees Kautex has *ever* employed "in the office." Moreover, the scope of the request is vague, because we do not know if Wilson is asking specifically about the Kautex office in Avilla or about Kautex offices generally.

We note that Kautex did answer the interrogatory in part, providing information about the other African American employee who worked in the office at the Avilla plant during Wilson's employment at Kautex. In that regard, we think that Kautex properly narrowed the scope to the Avilla plant, but that the temporal scope should be expanded so as to include any African American employees Kautex employed in the office of the Avilla plant from January 1, 2000, to the present.

Wilson specifically complains that Kautex has not produced information about a particular African American employee that Wilson claims was employed in the engineering department for a short time. Kautex contends, however, that it has already produced all the responsive documents it possesses, and that it is unaware of the employee about whom Wilson seeks information. There is no evidence to suggest that Kautex is withholding documents, and "[o]bviously, [Kautex] cannot produce a document it does not possess." *See Echemendia v. Gene B. Glick Mgmt. Corp.*, No. 105-CV-00053, 2007 WL 420713, at *2 (N.D. Ind. Feb. 2, 2007) (internal quotations and citations omitted).

Nonetheless, because Kautex claims that it has fully responded to Wilson's request for production of documents, Wilson is at least entitled to a response stating as much. *Fishel v. BASF Group*, 175 F.R.D. 525, 531 (S.D. Iowa 1997) ("Even if there are no [responsive] documents, plaintiff is entitled to a response as required by Fed. R. Civ. P. 34(b) . . . ."); *see also*

12

Jay E. Grening & Jeffrey S. Kinsler, *Handbook of Federal Civil Discovery and Disclosure* § 9.40 (2d ed. 2002). Accordingly, Kautex will be ORDERED to execute an affidavit, (1) stating that after diligent search there are no responsive documents in its possession, custody, or control, other than those previously produced,[8] *id.*; *see also Cent. States, S.E. & S.W. Areas Health & Welfare Fund v. Neurobehavioral Assocs., P.A.*, No. 93 C 6169, 1997 WL 757879, at *4 (N.D. Ill. Dec. 2, 1997); and (2) describing their efforts to locate documents responsive to the request at issue in Wilson's motion to compel. *See Brooks v. Singletary*, No. 88-C-2865, 1991 WL 94083, at *5 (N.D. Ill. May 24, 1991). The affidavit must fulfill these two requirements for the request in Interrogatory 28.

> **E. Wilson's request to "dismiss" the answers and responsive documents Kautex has already provided does not seek a cognizable remedy and pertains to evidentiary issues that are not the proper subject of a motion to compel.**

In her Motion, Wilson asks the Court to "dismiss" the documents pertaining to the interrogatory answers Kautex produced on October 1, 2007, because, she alleges, they were not presented during the EEOC's investigation and are fabricated. (Docket # 63.) However, any alleged failure to produce documents during the EEOC investigation does not preclude Kautex from producing them during discovery in this cause. Wilson's contention that these documents are fabricated is an evidentiary issue that can be properly addressed at a later time, but to strike them now is not a cognizable remedy in the context of a motion to compel.[9] Therefore, Wilson's

---

[8] The Court expects Kautex to set forth this language specifically in its affidavit, rather than a variation thereof.

[9] Federal Rule of Civil Procedure 37(c)(1) allows for the preclusion of evidence if a party fails to supplement a discovery response under Federal Rule of Civil Procedure 26(e). Rule 26(e), however, is only triggered by the disclosure requirements of Rule 26(a) or by a formal discovery device, such as interrogatories, and not by any EEOC proceedings. Accordingly, Wilson is not entitled to a preclusion sanction.

request that Kautex's responsive discovery be "dismissed" is DENIED.

### III.  CONCLUSION

For the forgoing reasons, Wilson's Motion to Compel and to Dismiss Defendants' Answers to the First Set of Interrogatories (Docket # 63) is GRANTED in part and DENIED in part.  The Motion is GRANTED in that Kautex is directed to answer Wilson's revised Interrogatory 1 and Interrogatory 28, subject to the limitations we have set out, and they are to produce an affidavit in response to Interrogatory 28 in accordance with this Order.  Kautex is ordered to supplement Interrogatories 1and 28 on or before January 29, 2008, by filing and serving supplemental interrogatory responses.  The Motion is DENIED in all other respects.  The Court on its own motion extends the last date for the completion of all discovery to April 15, 2008.

SO ORDERED.

Enter for this 14th day of January, 2008.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

14