UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **MARGARET L. WILSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   CAUSE NO.  1:07-CV-60 |
| | ) |
| **KAUTEX, A TEXTRON COMPANY,** | ) |
| **et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

### I.  INTRODUCTION

This matter is before the Court on Defendant Kautex's Motion to Compel Plaintiff's Attendance at Deposition, filed December 13, 2007, (Docket # 85), as well as *pro se* Plaintiff Margaret Wilson's Motions to reschedule her deposition from its original December 3, 2007, date.  (Docket ## 77, 80.)  Kautex asks this Court to order Wilson to personally appear at the United States District Court in Fort Wayne, Indiana, for her deposition, while Wilson requests that her deposition not take place until certain motions are ruled upon and particular questions are answered.  For the reasons provided in this Opinion and Order, Kautex's Motion to Compel (Docket # 85) is GRANTED in part and DENIED in part, and Wilson's Motions (Docket ## 77, 80), to the extent they seek to reset her deposition to a later date, are also GRANTED.

### II.  PROCEDURAL HISTORY

This case arises out of *pro se* Plaintiff Wilson's claim under of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-1, *et seq.*, for discrimination on the basis of race and sex.[1]  Beginning in

---

[1] Although Wilson now believes that she is only bringing a claim of discrimination on the basis of race (Docket # 95), she clearly alleged both race and gender discrimination in her Complaint. (*See* Compl., Statement of Legal Claim 1, 2.)

October 2007, Kautex apparently began to try to schedule a deposition of Wilson.  (Def. Mot. to Compel Pl. Attendance at Dep. ("Mot. to Compel") 2.)  After a few attempts, Kautex ultimately filed on November 26, 2007, a Notice of Deposition, setting Wilson's deposition for December 3, 2007, at 10:00 a.m. at the United States Courthouse in Fort Wayne, Indiana.  (Docket # 75.)  Kautex provided the street address and room number and indicated that the oral examination would be before a Notary Public or other officer authorized to administer oaths and that the deposition would continue until completed.  (Docket # 75.)

On November 29, 2007, Wilson filed a "Motion to Reschedule Deposition Due to Defendant[']s Late Response to Plaintiff and Several Key Questions Were Not Addressed."  (Docket # 77.)  In short, Wilson requested that the Court postpone the deposition because Kautex did not provide her with particular details about the deposition and because she needed two additional weeks to "fully prepare."  Specifically, Wilson complained that Kautex failed to inform her whether she could use her own tape recorder, the time the deposition would end, and if the Magistrate Judge would attend.  The following day, on November 30, 2007, Wilson filed a "Motion Deposition Supplement Amended Second Request" (Docket # 80), in which she requested that the deposition be postponed until the Court ruled on both the pending Motion to Dismiss and her Motion to Compel.

These filings were followed by a call from Wilson to the Magistrate Judge's chambers at approximately 7:00 p.m. that Friday, November 30, 2007, in which she left a voice mail message indicating that she would not be present at her deposition on Monday morning.  Indeed, Wilson failed to appear at her deposition.

Kautex subsequently filed its Motion to Compel on December 13, 2007, (Docket # 85),

2

requesting that the Court order Wilson to personally appear for her deposition within the next thirty days, that the Court award Kautex its costs and attorney fees pursuant to Federal Rules of Civil Procedure 37(a)(4) and 37(d), and that the Court warn Wilson that any failure to comply with the discovery rules in the future would result in dismissal of her case with prejudice. Wilson responded on January 2, 2008 (Docket # 90), and subsequently filed another response (Docket # 93) on January 14, 2008.

Kautex argues in its motion that it gave Wilson a proper deposition notice and argues that Wilson never requested or received a protective order excusing her attendance. Kautex further asserts that from the communications between Wilson and counsel, Wilson was aware of the date and time of the deposition, the attendees (i.e., counsel for Kautex, Shellie Goetz and Robert Moreland, as well as the court reporter), and in fact, agreed to participate. Kautex also maintains that between its correspondence with Wilson, and this Court sending her the full text of the Federal Rules of Civil Procedure 26 through 37 and 45, her questions concerning the deposition had all been answered. (Mot. to Compel 3.)

In her Response to Defendant's Motion to Compel, Wilson argues that Kautex failed to provide the complete names of each person attending the deposition, the Court Reporter's name, the address, how long the deposition would take, and if the room in the Courthouse could accommodate her tape recorder. Wilson also apparently objects to being asked questions about her other employment, and again asks that the Court not schedule a deposition until the Court rules on the pending motions.

### III.  ANALYSIS

Under the Federal Rules, if a party fails to appear for a deposition after being served

3

proper notice, that party may be sanctioned, Fed. R. Civ. P. 37(d)(1)(A)(i), and one of those sanctions could be dismissal of the case.  Fed. R. Civ. P. 37(d)(3); Fed. R. Civ. P. 37(b)(2)(A)(v).  Of course, at this stage, Kautex is not seeking dismissal as a sanction, only attorney fees, but even these cannot be awarded if Wilson had a motion for a protective order pending under Federal Rule of Civil Procedure 26(c).  Fed. R. Civ. P. 37(d)(2).  Indeed, if we view Wilson's *pro se* filings liberally, *McCready v. eBay, Inc.*, 453 F.3d 882, 890 (7th Cir. 2006) (stating that the court has a duty to view *pro se* filings liberally), it is apparent that she was requesting, at a minimum, that her deposition be reset and thus was in fact seeking a protective order.  *See* Fed. R. Civ. P. 26(c)(1)(A), (B), (D), (E).  Consequently, since there was a motion for a protective order pending as of December 3, 2007, the Court must deny Kautex's request for sanctions.[2]  Fed. R. Civ. P. 37(d)(2).

    We now turn to address Wilson's specific inquiries concerning her future deposition, using Federal Rule of Civil Procedure 30 as our primary guide.

    As to the individuals attending the deposition, counsel for Kautex (Shellie Goetz, or Robert Moreland, and perhaps both) will be present.  An officer appointed or designated under Federal Rule of Civil Procedure 28 (e.g., a court reporter) shall conduct the deposition.  Fed. R. Civ. P. 30(b)(5)(A).  Kautex does not need to state who the officer will be, but their notice must state the method for recording Wilson's testimony.  Fed. R. Civ. P. 30(b)(1), 30(b)(3)(A).  If Kautex wishes to bring a client representative, it may do so, but counsel shall provide the name of the attendee to Wilson.  Magistrate Judge Cosbey will not attend the deposition, however, Northern District of Indiana Local Rule 37.3 provides that any party may contact a judicial

---

[2] Of course, Wilson's failure to attend her deposition also deprived the Court of the opportunity to address her motions that Monday morning and prior to the Courthouse deposition.

officer (i.e., the Magistrate Judge) if "an objection is raised during the taking of a deposition which threatens to prevent the completion of the deposition. . . ."  *See* N.D. Ind. L.R. 37.3.

Wilson is also free to arrange for an additional method of recording her deposition, at her own expense, and provided that she gives notice of her intent to do so to counsel for Kautex. Fed. R. Civ. P. 30(b)(3)(B).  The Court anticipates that there will be sufficient electrical outlets to accommodate a tape recorder.[3]

As to the length of the deposition, Federal Rule of Civil Procedure 30(d)(2) limits the deposition's duration to one day of seven hours.  The time period only includes time spent examining Wilson; lunch and other breaks are not counted.  *See* Advisory Committee note to 2000 Amend. to Fed. R. Civ. P. 30(d).

To ensure that the deposition proceeds, and in accordance with Federal Rule of Civil Procedure 26(c)(2), it is ORDERED that the deposition of the Plaintiff shall take place in the Grand Jury room of the E. Ross Adair Federal Building, 1300 S. Harrison Street, Fort Wayne, Indiana 46802, on March 25, 2008, at 8:30 a.m., or on such other mutually agreeable date. Kautex is directed to issue a deposition notice accordingly.[4]

### IV.  CONCLUSION

For the reasons stated herein, Kautex's Motion to Compel (Docket # 85) is GRANTED to the extent it seeks to compel Wilson to attend a deposition, but its request for sanctions is DENIED.  To the extent Wilson's Motion to Reschedule Deposition (Docket # 77) and the Supplemental Motion (Docket # 80) are motions for a protective order and seek to reset her

---

[3] Any tapes of the deposition prepared by Wilson are to be preserved by her until the litigation is concluded.

[4] Counsel are directed to note that Local Rule 30.1 provides that "no deposition shall be scheduled on less the fourteen (14) days notice."

deposition, they too are GRANTED.  The deposition now set for March 25, 2008, at 8:30 a.m., will proceed regardless of whether any other motions remain pending.[5]  The Court also sets this matter for a status conference for March 20, 2008, at 10:00 a.m. so the Court can address any matters that may arise prior to the deposition and which may impede its progress.  Counsel for Kautex and the Plaintiff are to be present in person.  Wilson is admonished that any failure to attend her deposition in the future may result in sanctions, up to and including dismissal of her case.

      SO ORDERED.

      Enter: January 17, 2008                                  S/Roger B. Cosbey
                                                                                 Roger B. Cosbey
                                                                                 United States Magistrate Judge

---

[5] The Court does not believe, consistent with Federal Rule of Civil Procedure 26(d)(2), that Kautex must delay its discovery merely because there remains a pending motion to dismiss, or because Wilson is likewise in the process of conducting discovery.