UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| MARGARET L. WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:07-CV-60-TS |
| | ) | |
| KAUTEX, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION and ORDER**

Before the Court is the *pro se* Plaintiff's "Motion to Transfer Venue" [DE 92], filed on January 7, 2008. This actually is a motion to recuse. This is the second recusal motion filed by the Plaintiff, and the Plaintiff's reasons are very similar to the first motion [DE 16], which the Court denied [DE 24].

The Plaintiff's motion states: "Plaintiff request [sic] to transfer from the United States Northern District of Fort Wayne Division of Indiana to United States Northern District of Hammond Indiana Division due to the lack of local interest and fairness associated in the adjudication to my case for the following reasons." (2nd Pl. Mot. for Recusal at 1; DE 92.) The text of the Plaintiff's motion runs just over five pages, and much of it is a recap of the Plaintiff's factual and legal allegations in this case.

The two reasons for recusal that the Court can identify are: first, an implication that the decision to deny *informa pauperis* status to the Plaintiff was based on some bias; and, second, an alleged conflict of interest between, on the one hand, the undersigned and Magistrate Judge Cosbey, and, on the other hand, the law firm of Baker & Daniels (the firm representing the Defendants). The latter reason was mentioned in the Plaintiff's first recusal motion, though in that motion the Defense counsel's comment was alleged to be that defense counsel knew "a United

States Federal District Attorney in Fort Wayne Indiana who would dismiss the Plaintiff's case before it went to court." (1st Pl. Mot. for Recusal at 1; DE 16.) In this motion, the Plaintiff states that one of the attorneys representing the Defendants "stated she knew the judge that would be proceeding [sic] over the case and she could get it dismissed." (2nd Pl. Mot. for Recusal at 3; DE 92.). No other explanation of the alleged conflict of interest is provided.

28 U.S.C. § 455(a)[1] requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The Seventh Circuit has held:

> Section 455(a) asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry. An objective standard is essential when the question is how things appear to the well-informed, thoughtful observer rather than to a hypersensitive or unduly suspicious person . . . . Trivial risks are endemic, and if they were enough to require disqualification we would have a system of peremptory strikes and judge-shopping, which itself would imperil the perceived ability of the judicial system to decide cases without regard to persons.

*Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996) (citations omitted).

28 U.S.C. § 455(b)(1) provides for the disqualification of a judge "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  In determining whether a judge must disqualify herself under 28 U.S.C. §455(b)(1), the question is whether a reasonable person would be convinced the judge was biased. "The negative bias or prejudice from which the law of recusal protects a party must be grounded in some personal animus or malice that the judge harbors against him, of a kind that a fair-minded person could not entirely set aside when judging certain persons or causes." *McDade*, 89 F.3d at 355 (quoting *United States v. Balistrieri*, 779 F.2d 1191, 1201 (7th Cir. 1985)).

---

[1] The Plaintiff's motion is not in the form of an affidavit and there is no certificate of counsel, so the motion does not meet the requirements of 28 U.S.C. § 144 and must be considered under § 455(a) & (b). *See generally United States v. Sykes*, 7 F.3d 1331, 1338–39 (7th Cir. 1993); *United States v. Balistrieri*, 779 F.2d 1191, 1199–1200 (7th Cir. 1985); *Robinson v. Gregory*, 929 F.Supp. 334, 337–38 (S.D. Ind. 1996) (discussing how *pro se* plaintiffs can raise the same recusal issues under 28 U.S.C. § 455 as represented parties can under § 144).

"Moreover, recusal is required only if actual bias or prejudice is 'proved by compelling evidence.'" *Id.* (quoting *Balistrieri*, 779 F.2d at 1202).

The Plaintiff's grounds for recusal here are no more persuasive than in her first motion. The fact that a court rules against a party cannot, in and of itself, be grounds for recusal. This point needs no elaboration. Regarding the second issue, the Court notes, as it did in the previous opinion on recusal, that it would have been impossible for the Defendant's counsel, during mediation and before the lawsuit was filed, to know which judge would be assigned the case in order to make the prediction that "the judge that would be proceeding [sic] over the case" would dismiss it at her request.

The Court also notes that the Defendant, in its response, denies that its counsel made either of the comments about getting the case dismissed, as alleged by the Plaintiff. (Def. Verified Resp. to Pl. Mot.at 2; DE 98.) Even if the Defendants' lawyer did make a comment like the one alleged by the Plaintiff, it would have merely been, in the context of mediation, a negotiation strategy intended to convey confidence that the Defendant would prevail based on past judicial rulings in similar cases and not any expression of improper judicial bias.

The Court does not believe the Plaintiff's allegations are objectively reasonable and finds they are insufficient to require recusal under § 455(a). Because there is no compelling evidence of personal bias, recusal is not warranted under § 455(b)(1).

For the foregoing reasons, the Court DENIES the Plaintiff's motion [DE 92].

SO ORDERED on February 15, 2008.

                                                     s/ Theresa L. Springmann
                                                    THERESA L. SPRINGMANN
                                                    UNITED STATES DISTRICT COURT