UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| MARGARET L. WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:07-CV-60-TS |
| | ) | |
| KAUTEX, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION and ORDER**

Before the Court is a Motion to Dismiss Certain Defendants [DE 21], filed by Defendant Kautex, Inc., on May 30, 2007. On July 9, 2007, the Plaintiff filed her Amended Response [DE 35]. On July 20, 2007, the Defendant filed its Reply [DE 42].[1]

**BACKGROUND**

On March 21, 2007, the *pro se* Plaintiff filed a complaint against her former employer, Defendant Kautex, a Textron Company (Kautex); its parent company, Textron, Inc.; and eight other companies that are affiliated with Textron: Bell Helicopter, GreenLee, Jacobsen, EZGO, Cessna Aircraft, Textron Financial Canada, Cushman Utility Vehicles, and Ransomes Jacobsen, Ltd. Her complaint alleges racial and gender employment discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*

This complaint followed a charge of discrimination the Plaintiff had filed with the Equal Employment Opportunity Commission (EEOC). The EEOC right-to-sue letter is dated January

---

[1] The Plaintiff also filed a Sur-Response [DE 51], which she entitled a Reply Memorandum, on August 3, 2007, and a "Supplement Amended Response" [DE 52] on August 13, 2007. Because the Plaintiff did not seek leave of the Court to file these documents, they are not in compliance with Local Rule 7.1. Accordingly, the Court strikes them, and they are not considered for purposes of this ruling.

12, 2007, and the Plaintiff notes she received it on or about February 13, 2007.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true and views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). To prevail on a motion to dismiss, the defendant must demonstrate that "the plaintiff's claim, as set forth by the complaint, is without legal consequence." *Gomez v. Ill. State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). Under the Federal Rules of Civil Procedure the plaintiff need only "set out in [his] complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim" *Scott v. City of Chi.,* 195 F.3d 950, 951 (7th Cir. 1999), and the "grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). Fed. R. Civ. P. 8(a). The complaint must provide more than labels and conclusions, a formulaic recitation of the elements of a cause of action, or facts that do not raise a right to relief above the speculative level. *Bell Atl. Corp.*, 127 S. Ct. at 1964–65. A plaintiff may not avoid dismissal simply by attaching bare legal conclusions to narrated facts that fail to support his claims. *Strauss v. City of Chi.*, 760 F.2d 765, 767–68 (7th Cir. 1984); *Sutliff, Inc. v. Donavan Cos.*, 727 F.2d 648, 654 (7th Cir. 1984).

> Courts are to
>
> liberally construe the pleadings of individuals who proceed *pro se*. The essence of liberal construction is to give a pro se plaintiff a break when, although he stumbles on a

2

>technicality, his pleading is otherwise understandable. However, a lawsuit is not a game of hunt the peanut. Employment discrimination cases are extremely fact-intensive, and neither appellate courts nor district courts are obliged in our adversary system to scour the record looking for factual disputes.

*Greer v. Bd. of Educ.*, 267 F.3d 723, 727 (7th Cir. 2001) (citation and quotation marks omitted).

## DISCUSSION

Defendant Kautex's motion to dismiss is made pursuant to Federal Rule of Civil Procedure 12(b)(6). The Defendant seeks dismissal of the lawsuit against all the Defendants except itself. The Defendant argues that the Plaintiff's complaint does not state a claim for which relief may be granted against the other Defendants because they were not named in the discrimination charge made to the EEOC and they did not employ the Plaintiff. The Plaintiff's argument basically is that all the named Defendants are part of a joint venture comprised of Defendant Kautex and Defendant Textron, and, as such, they all are liable for the discrimination she suffered while working for Defendant Kautex. The corporate and legal distinctions of the Defendants, the Plaintiff contends, are fictitious.

**A.     Legal Framework**

As far back as 1973, the Seventh Circuit held that "Title VII employment discrimination suits are permitted only 'against the respondent named in the charge' before the EEOC." *Le Beau v. Libbey-Owens-Ford*, 484 F.2d 798, 799 (7th Cir. 1973) (quoting 42 U.S.C. § 2000e-5(f)(1)). *See also Perkins v. Silverstein*, 939 F.2d 463, 471 (7th Cir. 1991); *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989) ("Ordinarily, a party not named in an EEOC charge may not be sued under Title VII."); *Maxey v. Thompson*, 680 F.2d

3

524, 526 (7th Cir. 1982);  *Eggleston v. Chicago Journeymen Plumbers' Local No. 130*, 657 F.2d 890, 905 (7th Cir. 1981) ("[I]t is well settled that ordinarily a party not named in an EEOC charge may not be sued under Title VII.").

This policy reflects Congressional goals "of encouraging conciliation and voluntary settlements of disputes." *Le Beau*, 484 F.2d at 799. In other words, the requirement "provides notice to the party charged with a violation and gives that party an opportunity to comply with Title VII before the institution of an action in federal court." *Davis v. Weidner*, 596 F.2d 726, 729 (7th Cir. 1979). That, in turn, "effectuates Title VII's primary goal of securing voluntary compliance with its mandates." *Schnellbaecher*, 887 F.2d at 126.

The Seventh Circuit recognizes an exception to that rule. "[W]here an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance, the charge is sufficient to confer jurisdiction over that party." *Eggleston*, 657 F.2d at 905.

> The Seventh circuit has also applied this principle specifically to parent companies. Under the law of this circuit, a parent organization not named in the plaintiff's EEOC charge must be dismissed from the suit unless the plaintiff can show that the parent had notice of the claim against it, as opposed to its subsidiary, and had an opportunity to conciliate on its own behalf.

*Olsen v. Marshall & Ilsley Corp.*, 267 F.3d 597, 604 (7th Cir. 2001).


### B.     The Various Defendants

Defendant Kautex seeks dismissal of Defendant Textron, the parent company, and also eight Textron subsidiaries. They are addressed in turn.

4

**1.**     *The Eight Textron Subsidiary Defendants*

The only entity named in the Plaintiff's EEOC charge of discrimination is "Kautex Textron Company," which the Court construes to mean "Kautex, a Textron Company." Putting aside Textron for the moment, the eight other companies named as Defendants in the complaint do not appear in the charge of discrimination: Bell Helicopter, GreenLee, Jacobsen, EZGO, Cessna Aircraft, Textron Financial Canada, Cushman Utility Vehicles, and Ransomes Jacobsen, Ltd.

In addition, the Plaintiff's complaint does not allege facts describing how these companies were involved in discriminatory activity against her or how they otherwise affected her in any way. The only place in the text of the complaint where these companies are mentioned is in an attached section entitled "Facts in Support of Complaint." (Compl. at 6; DE 1.) That reference is in the introductory paragraph describing the Plaintiff's inititial hiring, her qualifications, and her understanding of the job description. The companies are simply listed as "parent companies" of her employer, Kautex. No other allegation is made about them.

Because these companies do not appear in the EEOC charge of discrimination, the only way they can remain as named Defendants in the case is if the exception mentioned in *Eggleston* applies. The Plaintiff's complaint alleges no facts that these other companies had notice of the charge to the EEOC, or that if they did have notice, it was adequate enough to give them the chance to play a role in conciliation proceedings. That is, any notice did not notify them that they were to be targets of a discrimination lawsuit. The Plaintiff's argument in her Response runs four pages, but the legal theory is best summed up in this excerpt, reproduced verbatim:

> Textron Incorporate the Parents in Germany and Troy Michigan, USA; dominates its subsidiaries where as its entities are all partnered in a joint venture. As such, Textron the

5

> Parents and its subsidiaries are liable as "employers" to the extent that liability is imposed upon Textron and Kautex, a Textron Company which is one of its many subsidiaries.

(Pl. Am. Resp. to Def. Mot. to Dismiss at 2; DE 35.) The Plaintiff does not cite to any legal authority in support of this argument. The Plaintiff also argues that "[t]his mechanism essentially results in a largely fictional division in which the nine 'distinct' companies mentioned, operate in a nearly identical fashion utilizing the same policies, procedures, regulations, [and] business forms . . . ." (*Id.* at 4.) The implication seems to be that, because all these companies are appendages of the joint venture between Kautex and its parent company Textron, they somehow had adequate notice of the discrimination charge such that they had the chance "to participate in conciliation proceedings aimed at voluntary compliance." *Eggleston*, 657 F.2d at 905. The Plaintiff does not cite any legal authority for this proposition either, and such a view ignores the different legal and corporate identities of the Defendants in this case. The Court cannot find that these eight Defendants had notice of the discrimination charge against Defendant Kautex, let alone "adequate" notice.

### 2. *Textron, the Parent Company*

Defendant Kautex concedes that its parent company, Textron, had notice of the Plaintiff's discrimination charge, but then argues that Textron "only had opportunity to participate in conciliation at the EEOC level *on behalf of its subsidiary, Kautex,*" (Memo. in Supp. of Mot. to Dismiss at 3–4; DE 22) (emphasis added), and not for itself.

This case is very similar to two cases where the Seventh Circuit ruled that dismissing the parent company from the case was proper. In *Olsen v. Marshall & Ilsley Corp.*, 267 F.3d 597

6

(7th Cir. 2001), the plaintiff filed a discrimination charge with the EEOC and the state Equal Rights Division naming his employer, Mid-State Bank, but not its parent, Marshall & Ilsley. *Id.* at 604. The court ruled that his "failure to name Marshall & Ilsley in his EEOC charge is fatal." *Id.* The plaintiff "has not shown that Marshall & Ilsley had adequate notice or an opportunity to conciliate *on its own behalf*. He has shown only that Marshall & Ilsley had notice of the claim against Mid-State and participated in the administrative proceedings on Mid-State's behalf." *Id.* (emphasis added).

In *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124 (7th Cir. 1989), the plaintiffs' EEOC discrimination charge named only their employer, Baskin, but not its parent company, Hartmarx Speciality Stores, Inc. (HSSI). *Id.* at 125. HSSI determined the Baskin's personnel policies, and the two companies shared legal counsel, which meant HSSI had notice of the charge. *Id.* Dismissal of HSSI was proper: "Although HSSI had notice of the charges against Baskin, it did not thereby have any notice of any charges against *it*, nor did it have any opportunity to conciliate on its behalf." *Id.* at 127.

The Plaintiff in this case has the same problem as the plaintiffs in those two cases. Although Textron has notice of the EEOC charge against Defendant Kautex (they share counsel, as in *Schnellbaecher*, and Defendant Kautex conceded notice to Textron), there is nothing to suggest Textron had notice that a charge had been made against it. The Court's review of the Plaintiff's complaint cannot find any factual allegation suggesting that Defendant Textron had any notice it would be accused of discrimination, let alone notice adequate enough to give it the opportunity to participate in conciliation on its own behalf.

In the EEOC charge itself, the Plaintiff wrote that she worked for "Kautex Textron

7

Company" in Avilla, Indiana. It was reasonable for Textron to interpret this to mean the charge was leveled against "Kautex, a Textron Company," and not against "Kautex and Textron." The Plaintiff only listed the address from Kautex, not Textron, and the "Particulars" of her charge only discuss her work as an employee of Kautex at the Avilla, Indiana, location. There is no mention of Textron personnel or the Textron location.

Accordingly, the Court has no basis to find that Textron had notice that the discrimination charge was made against it such that it had the opportunity to conciliate with the Plaintiff on its own behalf.

**3.**     *Arguments Against Dismissal of the Other Defendants*

Two cases where the Seventh Circuit allowed a defendant to remain in the case despite not being named in the discrimination charge involved simply misnaming the defendants. *See Maxey v. Thompson*, 680 F.2d 524, 526 (7th Cir. 1982) ("inartful but unmistakable effort" to sue state tax department caused no prejudice to the department head being sued in his official capacity so he should not have been dismissed); *Davis v. Weidner*, 596 F.2d 726, 729 (7th Cir. 1979) (dismissing defendant, "the Board of Regents for the University of Wisconsin System," was improper because it was simply wrongly named as "the University of Wisconsin-Green Bay," which was a "technical discrepancy").

There is no misnaming problem here that might prevent the dismissal of Textron and the eight subsidiaries. The Plaintiff's complaint states she was hired by Defendant Kautex at its location in Avilla, Indiana. She never states that she was hired to work or did work at or for Textron or any of the other eight affiliated companies, which have different names and are at

8

different locations, notwithstanding her theory about the joint venture and fictional corporate divisions.

The Plaintiff also argues that she did not name Textron or the other subsidiaries in her EEOC discrimination charge because the EEOC was "unethical" toward her. (Pl. Am. Resp. to Def. Mot. to Dismiss at 2; DE 35.) Specifically, the Plaintiff states that one or more EEOC officials rewrote "the Plaintiff's Charge and omitted key important factors that lessen the racial employment discrimination and omitted the Parents and subsidiaries. EEOC claimed that the Parent and subsidiaires were unimportant to mention because the Plaintiff worked for Kautex, A Textron Company." (*Id.*) The Plaintiff blames the EEOC and its alleged rewriting of her discrimination charge for the fatal omission. The Plaintiff also states that "she was retaliated against by EEOC/Indianapolis District Office" because she complained to the Washington, D.C., office of the EEOC "not only about the rewriting of the Charge but countless other issues that demonstrated what appeared to be biasness [sic] against the Plaintiff." (*Id.*)

The Defendant correctly points out that the Plaintiff signed the EEOC charge of discrimination under penalty of perjury. The EEOC charge document has two signature sections. One contains the sentence: "I declare under penalty of perjury that the above is true and correct." (EEOC Charge of Discrimination at 2; DE 22-2 at 6.) The other signature box states: "I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief." The Plaintiff's signature appears in both boxes and is dated August 25, 2006. The civil rights statute requires that: "Charges shall be in writing under oath or affirmation." 42 U.S.C. § 2000e-5(b). The Plaintiff does not cite to any authority that permits the Court to look behind the Plaintiff's sworn signature made under penalty of perjury and divine

9

alleged coercion and rewriting by the EEOC.

Neither the Plaintiff nor the Defendant notes a potential argument that "[m]isleading conduct by the EEOC can be a basis for tolling the administrative statute of limitations." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 81 (7th Cir. 1992). The Seventh Circuit has said that the requirement of listing a defendant in the EEOC discrimination charge "is not jurisdictional, but rather is like a statute of limitations, in that it is subject to waiver, estoppel, and equitable tolling." *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 226 (7th Cir. 1989). So the question is, assuming the Plaintiff's factual allegations about the EEOC are true, whether the Court should allow equitable tolling so that the Plaintiff could file another EEOC charge listing all the other Defendants. The answer is no.

The *Early* case and subsequent decisions citing it for the proposition above all concern the *timeliness of filing claims* rather than identifying, or not, parties that can later be named as defendants. *Early*, 959 F.2d at 81; *see e.g., Bishop v. Gainer*, 272 F.3d 1009, 1014 (7th Cir. 2001) (acknowledging possibility of tolling of statute of limitations if the EEOC misleads the claimant); *Alsaras v. Dominick's Finer Foods, Inc.*, 248 F.3d 1156 (7th Cir. 2000) (table decision) (dismissal not warranted when plaintiff alleged that EEOC official provided incorrect information about how much time the plaintiff had to file claim). *See also Schroeder v. Copley Newspaper*, 879 F.2d 266, 269–71 (7th Cir. 1989) (addressing argument that filing period for his EEOC discrimination charged should be tolled because the EEOC prevented him from filing).

The Court is aware of only one case, *Eggleston v. Chicago Journeymen Plumbers' Local No. 130*, 657 F.2d 890 (7th Cir. 1981), where the Seventh Circuit ruled that a defendant not named in the EEOC charge should not be dismissed from the case. EEOC conduct was not at

10

issue, but the question of dismissal did concern parties, and not the timeliness of claims. Unfortunately for the Plaintiff, the unique facts of that case are so different from the facts here that *Eggleston* does not allow this Court to avoid dismissing the other Defendants.

In *Eggleston*, a plaintiff filed a timely EEOC charge alleging that Plumbers' Local 130 refused to hire him because of his race. About a year and a half later, the plaintiff amended the charge and named the Plumbing Contractors Association of Chicago (PCA), the International Union, and the Joint Apprenticeships Committee (JAC). JAC administered the plumbing apprentice program that was a requirement to work in the plumbing industry. The JAC convinced the district court to dismiss it from the case because it had not been named in the original EEOC charge. *Id.* at 905.

The Seventh Circuit found that the original charge against Local 130 gave sufficient notice to the JAC for several reasons. First, the two organizations had overlapping leadership. Five of ten JAC board members were appointed by Local 130, and, at the time of the first EEOC charge, they were serving as officers within Local 130. *Id.* at 906. Second, the charge against Local 130 "clearly complained of discriminatory exclusion from the apprenticeship program," *id.*, which was run by the JAC.

The court also ruled that the JAC had the opportunity to participate in the conciliation proceedings, satisfying the second step of the analysis. *Id.* at 906–07. "Any opportunity to effect voluntary compliance of Local 130 by the EEOC would have necessarily involved contact with the JAC, its coordinators, and its other members." *Id.* at 907. Of course, this result depended on the earlier finding of "a close relationship" and "actual notice." *Id.*

In this case, the Plaintiff's complaint does not allege facts suggesting there is an overlap

11

in leadership between Kautex and Textron or a close relationship. Alleging with no factual basis that the two form a joint enterprise is not sufficient. The fact that both companies have the same counsel in this case does not suggest their corporate leadership is similar.

Also, the Plaintiff's allegations of discrimination concern her employment at Kautex, not any particular project, work, or program related to Textron. This is the reverse of *Eggleston*. In that case, the plaintiff named the parent organization, Local 130, and opposed dismissal of the subsidiary organization, which was the real target of the discrimination allegation. *Id.* at 905–06. But here, the Plaintiff opposes dismissal of the parent company after only naming the subsidiary, her former employer, in the EEOC charge.

The second step, determining whether Textron had an opportunity to conciliate, is also different from *Eggleston*. While Textron did participate in the conciliation process, it did so on behalf of its subsidiary, Defendant Kautex (and not on its own behalf) because it did not anticipate being named as a defendant. Lacking the close relationship as in *Eggleston*, the Court cannot say that Defendant Textron "should not be heard to cry 'foul' when later made a defendant in a suit." *Id.* at 907 (quoting *Stevenson v. Int'l Paper Co.*, 432 F.Supp. 390, 397–98 (W.D. La. 1977)).

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss Certain Defendants [DE 21] is GRANTED.

SO ORDERED on February 15, 2008.

    s/ Theresa L. Springmann
    THERESA L. SPRINGMANN
    UNITED STATES DISTRICT COURT