UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| MARGARET L. WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:07-CV-60-TS |
| | ) | |
| KAUTEX, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION and ORDER**

Before the Court is the *pro se* Plaintiff's "Response to Opinion & Order of January 7, 2008," [DE 95] filed January 14, 2008. The Court construes this as an objection to Magistrate Judge Cosbey's Opinion and Order [DE 91], dated January 7, 2008.

The Plaintiff has three objections. First, she objects to the description of her lawsuit. Second, she requests that the Court mail her copies of discovery obtained by the Defendant. Third, she objects to the Magistrate Judge's ruling on a discovery matter.

When a district court considers on objection to a magistrate order on a nondispositive matter, as these matters are, the court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir.1997).

The Plaintiff first objects to what she says is the Magistrate Judge's description of her lawsuit as a "sex discrimination" lawsuit. The Plaintiff contends that she filed a "Race Employment Discrimination law suit [sic]." (Pl. Obj. at 1; DE 95). This objections has no

bearing on the case, but in any event, the Court notes that the Magistrate Judge correctly wrote: "This case arises from Wilson's claims of *race and* sex discrimination . . . ." (Mag. Judge Op. and Order at 1; DE 91) (emphasis added).

  The second point is not an objection but a request that the Court mail to her copies of discovery that the Defendant obtains from other entities "because Plaintiff has a right to the information that has been conspired with the Defendant(s) against her." (Pl. Obj. at 1; DE 95). There is no need to do this because Local Rule 26.2(e) requires that all discovery be filed in *pro se* litigation.

  The third objection concerns a discovery ruling. The Plaintiff filed a motion [DE 76] that the Magistrate Judge correctly construed as a motion for a protective order under Federal Rule of Civil Procedure 26(c)(1). The Plaintiff opposed the Defendant's plan to obtain information via the discovery process from seven non-party entities, claiming that the information is confidential and/or privileged, and that its disclosure would harm her. (DE 76 at 1.) The Magistrate Judge denied the Plaintiff's motion, ruling that the information was relevant and the claim of harm or injury from disclosure was lacking. Now, the Plaintiff objects on grounds of relevance. She also seeks to know the identity of whomever the Defendants spoke with at each entity that was the object of the discovery efforts and what they said.

  Contrary to the Plaintiff's assertion, the Defendant did explain how the information it sought would be relevant. In its six-page response, the Defendant stated that the information would relate to potential damages, the Plaintiff's credibility (the Defendant states the Plaintiff omitted a former employer from her job application), and may reveal different reasons for the Plaintiff's termination. (Def. Resp. to Pl. Mot. for Protective Order at 2–3; DE 83.) The

Magistrate Judge included the Defendant's reasons in the opinion, notwithstanding the Plaintiff's claim to the contrary in her objection.

The Magistrate Judge's ruling that the discovery requests were seeking relevant information was reasonable. The Defendant articulated specific reasons, with references to the Plaintiff's claims or its defenses, for why it sought specific types of information from the non-party entities. The Magistrate Judge cited to persuasive authority for the ruling, and the Plaintiff provided no legal authority that supports her request for a protective order in her original motion for a protective order [DE 76] or her objection [DE 95]. *Cf. De Bauche v. Harley-Davidson Motor Co. Operations, Inc.*, 88 Fed. Appx. 122, 124 (7th Cir. 2004) ("information about [the plaintiff's] current employment—or the extent to which she has rejected any additional employment offered to her—was relevant to [the defendant's] defense, and thus discoverable" in relation to damages claims in a Title VII case).

As to the issue of learning the identity of whomever the Defendant spoke with at the non-party entities, the Plaintiff provides no reason for why this should be revealed or even any basis for believing such communication occurred. The Defendant could have sent its discovery requests without communicating with the non-party entities beforehand. Even if the Defendant did contact the non-party entities, the Court is at a loss as to how such conversations could affect the consideration of relevance or the requested protective order.

It is also possible to construe part of the Plaintiff's objection to address the Magistrate Judge's ruling on the requested protective order. The law favors free discovery, and protective orders are not favored. *See Williams v. Chartwell Fin. Servs., Ltd.*, 204 F.3d 748, 759 (7th Cir. 2000) ("[A]ny discovery limitations should be carefully drawn."). Judges must make specific

findings that "good cause" exists. *See Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944–45 (7th Cir. 1999) (remanding case to district court for specific findings in support of good cause to enter protective order).

The Magistrate Judge's ruling was correct in noting that the Plaintiff cited no recognized evidentiary privilege or authority in support of her claim that the information sought from the non-parties is confidential. In addition, the Court's review of the information sought by the Defendant does not reveal that the information sought is considered "confidential" or protected by a privilege. The Plaintiff claims in her objection that she "signed a legal document prohibiting" her from discussing a case involving one of the non-parties, the Otis R. Bowen Center. (Pl. Obj. at 2; DE 95.) The implication is that the non-disclosure agreement (if that is what it is) does or should apply to the Otis R. Bowen Center as well. This document is not included as an exhibit, so the Court cannot base its ruling on something that is not before it.

**ORDER**

For the foregoing reasons, the Plaintiff's Objection [DE 95] to the Magistrate Judge Opinion is OVERRULED.

SO ORDERED on February 15, 2008.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT