# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| MARGARET L. WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:07-CV-60-TS |
| | ) | |
| KAUTEX, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court are a number of the Plaintiff's motions: Response to Court Order/Opinion on Docket No. 63 [DE 103][1], filed on February 5, 2008; Motion to Pretrial [DE 126], filed on June 30, 2008; Motion to Stop Defendants' Slander & Defamation of Character Against Plaintiff [DE 127], filed on June 30, 2008; Motion for Court to Appoint Plaintiff with Trial Counsel [DE 137], filed on Aug. 7, 2008; Motion for Appointment of Counsel [DE 148], filed on September 11, 2008; and Motion for Pretrial Conference [DE 155], filed on December 11, 2008.[2] The Defendant has not filed a response to any of these Motions.

These motions can be broken down into different subject areas: two are requests for the Court to hold a pretrial conference; two concern discovery matters; and two ask the Court to appoint counsel.

---

[1] This filing is an objection to Magistrate Judge Roger B. Cosbey's Opinion and Order [DE 96] of January 14, 2008. Because the Plaintiff's Response [DE 103] objects to the Magistrate Judge's opinion and order, it requires a ruling by the Court.

[2] There are two other sets of pending motions in this case. First, the Plaintiff's Verified Motion for Sanctions [DE 132], filed on July 25, 2008, and the Defendant's Verified Motion for Sanctions [DE 133], filed on July 29, 2008, were referred to Magistrate Judge Roger B. Cosbey, who has taken the matter under advisement pending the resolution of the parties' summary judgment motions. (*See* Aug. 15, 2008, Order, DE 142.) Second, the parties have filed cross-motions for summary judgment. (*See* DE 143, 145.) The Court will rule on those Motions in a separate opinion and order.

A.  **Motions Requesting a Pretrial Conference**

The Plaintiff has two Motions [DE 126, 155] that appear to request that the Court conduct a pretrial conference. The Plaintiff asks "to proceed to Pretrial Procedure since [the] discovery process was completed on April 15, 2008. Plaintiff request[s] to proceed with the forgoing [*sic*] of this case." (Mot. to Pretrial 1, DE 126.) In the other Motion, the Plaintiff copies parts of (the pre-2007 version of) Federal Rule of Civil Procedure 16 into her motion verbatim and also proposes several dates and times for the pretrial conference.

A pretrial conference at this time as requested by the Plaintiff is not appropriate, and the Court in its discretion and using its inherent powers to manage its docket declines to conduct one. *See Strandell v. Jackson County, Ill.*, 838 F.2d 884, 886 (7th Cir. 1987) ("[A] district court no doubt has substantial inherent power to control and to manage its docket."). This case is currently in the midst of the summary judgment process. The parties have filed cross-motions for summary judgment, the motions are fully briefed, and the Court is considering the matter. There is no need to conduct a pretrial conference until and unless a trial in this case is scheduled, which depends on the outcome of the summary judgment motions. Once those motions are resolved, the Court will take up further scheduling matters as necessary. For these reasons, the Plaintiff's two motions requesting a pretrial conference will be denied.

B.  **Motion Regarding Discovery Matters**

1.  *Plaintiff's Response to Court Order/Opinion on Docket No. 63 [DE 103]*

In the Plaintiff's Response to Court Order/Opinion on Docket No. 63 [DE 103], the Plaintiff states that she "strongly objects" to Magistrate Judge Roger B. Cosbey's Opinion and

Order [DE 96] of January 14, 2008, which ruled on the Plaintiff's discovery Motion [DE 63] regarding the Plaintiff's interrogatories and the Defendant's answers. The Magistrate Judge granted in part and denied in part the Plaintiff's discovery Motion. The Defendant was ordered to answer two revised interrogatories and provide an affidavit in response to one of those interrogatories. The Magistrate Judge denied the Plaintiff's discovery motion in all other respects.

The Plaintiff's objection to the Magistrate Judge's ruling is untimely: it was filed on February 5, much more than the ten days after January 14 that is allowed in the Federal Rules of Civil Procedure. Fed. R. Civ. P. 72(a). Because the Plaintiff's objection is untimely, she has waived her objection. *Ill. Conf. of Teamsters and Employers Welfare Fund v. Steve Gilbert Trucking*, 71 F.3d 1361, 1368 n.5 (7th Cir. 1995).

However, even if the Court considered the merits, her objection would still be overruled because she cannot show that the Magistrate Judge's decision was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The Plaintiff in her objection complains generally about the Defendant not having to answer her interrogatories, the Defendant not providing information about a particular African-American employee, and the Defendant's general use of a subpoena during discovery. The Court will address the three issues in turn.

The Plaintiff in her original discovery Motion [DE 63] asked the Court to order the Defendant to provide complete responses to her interrogatories and asked the Court to "dismiss" documents supplied by the Defendants because the Plaintiff believed they were fabricated. The Magistrate Judge ruled that several of the Plaintiff's interrogatories were overly broad in the scope of time and subject matter. "Wilson appears to request information from Kautex regarding

3

any racial discrimination suits on a company-wide level, rather than limiting her request to information pertaining to the plant where she worked and where the alleged discriminatory acts took place." (Magistrate Judge Op. and Order 9, DE 96.) The Magistrate Judge also noted that the Plaintiff asked "for information pertaining to any civil suit or court proceeding . . . [and] about any criminal cases involving Kautex, including traffic offenses. . . . Such requests are overly broad and unduly burdensome." (*Id.* at 7.)

The Magistrate Judge also ruled that notwithstanding the Plaintiff's complaint about the failure to provide information about a specific African-American former employee, "[t]here is no evidence to suggestion Kautex is withholding documents." (*Id.* at 12) (citing *Echemendia v. Gene B. Glick Mgmt. Corp.*, No. 1:05-CV-053, 2007 WL 420713 (Feb. 2, 2007 N.D. Ind.)). The Magistrate Judge also ruled that "any alleged failure to produce documents during the EEOC investigation does not preclude Kautex from producing them during discovery in this cause." (*Id.* at 13.)

First, the Magistrate Judge's Opinion used appropriate legal authority and applied it correctly to the Plaintiff's overly broad interrogatories. *See Balderston v. Fairbanks Morse Engine Div. of Coltec Indus.*, 328 F.3d 309, 320 (7th Cir. 2003) ("When requesting discovery in a[] . . . discrimination suit, the other employees' circumstances must be close enough to [the] plaintiff's to make comparisons productive." (internal quotations and brackets omitted)). The limits imposed in the Magistrate Judge's Opinion and Order were reasonable, and the result will be that the Plaintiff should receive the information she needs to litigate her case, while the Defendant will not be overly and unnecessarily burdened.

The second issue is the Plaintiff's objection regarding information about a particular

4

African-American employee. "How can Plaintiff prepare for [trial] without the information regarding the former African American Female who did work for Kautex . . . and was terminated and discriminated against. This individual does exist." (Pl. Resp. to Court Order/Opinion 2.) The Plaintiff also complains that the Magistrate Judge "simply took the word of the defendant(s)." (*Id.* at 2). The Magistrate Judge correctly noted that there was no evidence that the Defendant is withholding documents, and the legal authority for the decision was correct. *See Tomanovich v. Glen*, No. 01-1247, 2002 WL 1858795, at *6 (Aug. 13, 2002 S.D. Ind.) ("Obviously, Defendant cannot produce a document it does not possess."). The Plaintiff must provide more than accusations to support a claim that the Defendant is withholding documents regarding an unspecified employee. Also, the Magistrate Judge ordered the Defendant to file an affidavit stating that it had fully responded to the Plaintiff's request, and the Defendant did so. (*See* Sherry Martz Aff., DE 101-2.)

The Defendant also complained about the Defendants' use of subpoenas. "[T]he defendant(s) with the support of the Court . . . send [*sic*] subpoena document request seeking any documents Plaintiff may have in her ("Wilson") possession or business associates." (Pl. Resp. to Court Order/Opinion 3.) The Plaintiff also objects to the manner in which the subpoenas were sent, stating that the subpoenas should have contained her date of birth, social security number, and employee identification number. (*Id.*) The Defendants' subpoena was not an issue in the Plaintiff's original discovery motion or the Magistrate Judge's order, so the Plaintiff cannot raise the issue in her objection. Also, the Court has already overruled the Plaintiff's prior objection to the Defendants' use of subpoenas to gain information from the Plaintiff's former employers. (*See* Feb. 15, 2008, Opinion and Order 2–4, DE 106.) Furthermore, the Plaintiff provides no legal

5

authority for the proposition that the subpoenas to her former employers must contain her date of birth, social security number, and employee identification number. Federal Rule of Civil Procedure 45 does not require that information.

Therefore the Plaintiff's Objection in her Response to Court Order/Opinion on Docket No. 63 [DE 103] will be overruled.

**2.** ***Plaintiff's Motion to Stop Defendants' Slander & Defamation of Character Against Plaintiff [DE 127]***

The Plaintiff's other discovery-related filing is her Motion to Stop Defendants' Slander & Defamation of Character Against Plaintiff [DE 127]. This Motion concerns her allegations that counsel for the Defendant defamed her by contacting a supervisor at her workplace in 2008, which resulted in her termination. The Motion also states that the Plaintiff objects to the Magistrate Judge's Opinion and Order of June 19, 2008 [DE 124], which was a ruling on two of the Plaintiff motions regarding the Defendant contacting non-parties about the Plaintiff during discovery.

The Motion simply repeats the arguments, allegations, and objections the Plaintiff has made several times. The Magistrate Judge and the Court have rejected these arguments, allegations, and objections several times. The Magistrate Judge ruled in a January 7, 2008, Opinion and Order [DE 91] that information from the Plaintiff's employers is relevant to the case, and there was no basis for a protective order to preclude that discovery. The Plaintiff objected [DE 95] to that Opinion and Order, and the Court overruled the objection. (*See* Feb. 15, 2008, Opinion and Order DE 106.] The Plaintiff made similar arguments in her Motion Requesting the Court to Place an Injunction Against [Defendants] & Attorney for the

Defendant(s) Based on Slander & Defamation of Character [DE 123], filed June 10, 2008. The Magistrate Judge denied that Motion. (*See* June 19, 2008 Opinion and Order, DE 124.) The Court now incorporates by reference its own prior rulings and the prior rulings of the Magistrate Judge regarding this issue. Accordingly, this Motion [DE 127] will be denied.

**C.     Motions to Appoint Counsel**

The Plaintiff's first motion asking for appointment of counsel stated that she was unable to afford counsel and had exhausted all efforts to find counsel in Fort Wayne, surrounding towns, and Indianapolis. (Motion to Appoint Counsel I at 1, DE 137.) She added that she prefers an attorney who is not from Fort Wayne and that she be included in the selection process. The Magistrate Judge issued an Order in response stating that the Plaintiff had not provided a sufficient basis to justify appointing counsel. The Order included an attached questionnaire that the Plaintiff was to fill out and return to the Clerk's Office within thirty days. The Order stated that failure to do so "shall result in the denial of the motion for appointment of counsel." (Aug. 15, 2008, Order 1, DE 142.) A review of the record indicates that the Plaintiff has not returned a filled-out questionnaire. As a result, it continues to be the case that the Plaintiff has not demonstrated that there is a basis under 28 U.S.C. § 1915 for the Court to appoint counsel.

In her second motion asking for appointment of counsel [Motion to Appoint Counsel II, DE 148], the Plaintiff states that she has alleged facts that, if proven, state a meritorious claim, she has exhausted attempts to find counsel, she cannot afford counsel, and she "has a limited knowledge of the law[], thus preventing her in the development of legal theory." (Motion to Appoint Counsel II at 1.) She then lists ten paragraphs with legal authority concerning

appointment of counsel. (*Id.* at 1–2.) Attached to the motion is a list of attorneys and law firms in Fort Wayne and several email responses from firms in New York, Indianapolis, and Kentucky. The emails decline her request to take her case and suggest she contact local counsel or a local bar association. (*Id.* at 6–11.)

"Civil litigants do not have a right, either constitutional or statutory, to counsel." *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). District courts have discretion under 28 U.S.C. § 1915 to appoint an attorney for an indigent litigant. A district court should appoint counsel if it is impossible for the *pro se* litigant to obtain any sort of justice without a lawyer. *Johnson v. Doughty*, 433 F.3d 1001, 1007 (7th Cir. 2006).

Assuming that the Plaintiff has made a sufficient attempt to find counsel, consideration of the nonexhaustive list of factors[3] and the key question—"given the difficulty of the case, does the plaintiff appear to be competent to try it himself, and if not, would the presence of counsel make a different in the outcome?" *id.*—leads to the conclusion that her motion should be denied. In this case, the Plaintiff has demonstrated that she is competent to litigate this case herself. The Plaintiff has filed more than 20 motions. Her filings incorporate legal authority and apply the law to the facts of the case. The Plaintiff has stated that she has a master's degree in business administration. The claims and issues in this case are not so complex that counsel is required: there are no technical issues to be resolved; the parties must simply present arguments and evidence for the issue of whether the Defendant discriminated against the Plaintiff on account of her race and gender. The extensive discovery disputes have ensured that all relevant information

---

[3] Those factors are "(1) the merits of the plaintiff's claims; (2) whether the plaintiff can investigate crucial facts; (3) whether trained counsel will better expose the truth; (4) the plaintiff's ability to present the case; and (5) the complexity of the relevant legal issues." *Zarnes*, 64 F.3d at 288.

is in the record and available for the Court's review during the summary judgment process. In sum, the record demonstrates to the Court that the Plaintiff is able to litigate this case herself and the presence of counsel would not make a difference. For these reasons, the Plaintiff's second motion for appointment of counsel will be denied.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES the Plaintiff's objections in her Response to Court Order/Opinion on Docket No. 63 [DE 103] and DENIES the Plaintiff's Motion to Pretrial [DE 126], Motion to Stop Defendants' Slander & Defamation of Character Against Plaintiff [DE 127], Motion for Court to Appoint Plaintiff with Trial Counsel [DE 137], Motion for Appointment of Counsel [DE 148], and Motion for Pretrial Conference [DE 155].

So ORDERED on March 24, 2009.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT