# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| MARGARET L. WILSON, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 1:07-CV-60-TS |
| KAUTEX, INC., | ) |
| Defendant. | ) |

## OPINION AND ORDER

Pending before the Court are the *pro se* Plaintiff's Verified Motion for Sanctions for Defendant(s) Filing Falsified Documentation [DE 132], and the Defendant's Verified Motion for Sanctions for Plaintiff's Filing Falsified Documents [DE 133].

This case has been pending since March 2007. The Court today in a separate Opinion and Order is issuing a decision on the cross-motions for summary judgment, granting the Defendant's Motion [DE 145] and denying the Plaintiff's Motion [DE 143]. If the motions for sanctions remain pending at the time of the Court's summary judgment decision, then final judgment cannot be entered. In the interest of judicial economy and efficiency, the Court now VACATES its referral to Magistrate Judge Roger B. Cosbey of the sanctions motions, allowing this Court to address those motions at this time.

Some procedural history is in order. On July 15, 2008, the Defendant filed a Notice of Filing Motion for Sanctions [DE 130], informing the Plaintiff of her right to respond to the impending sanctions motion and attaching a draft of the motion. On July 25, the Plaintiff filed her Verified Motion for Sanctions for Defendant(s) Filing Falsified Documentation [DE 132]. The Motion was made pursuant to Federal Rule of Civil Procedure 11, (Pl. Mot. for Sanctions 1,

2), and the Plaintiff asked the Court "to impose appropriate sanctions . . . up to and including ruling in favor of the Plaintiff" on her underlying claims, (*id.* at 1). The basis of the Plaintiff's Motion was that the Defendant allegedly provided fabricated emails during discovery. (*Id.* at 1, 5–13.)

On July 29, the Defendant filed its Verified Motion for Sanctions for Plaintiff's Filing Falsified Documents [DE 133]. The Defendant's Motion also was made pursuant to Rule 11, asked for sanctions "up to and including dismissal," (Def. Mot. for Sanctions 1), and accused the Plaintiff of filing a fabricated letter in an effort to convince the Court that "Defendant's counsel . . . slandered and defamed Wilson during a conversation with Wilson's former employer," (*id.*).

"The central goal of Rule 11 is to deter abusive litigation practices," *Corley v. Rosewood Care Center, Inc.*, 388 F.3d 990, 1013 (7th Cir. 2004), specifically the filing of false or baseless information. If a party believes another party has violated the rule, it must follow specific procedures: the motion for sanctions must be filed separately from any other motion, and more importantly in this case, "it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). This "twenty-one day safe harbor is not merely an empty formality." *Divane v. Krull Elec. Co., Inc.*, 200 F.3d 1020, 1026 (7th Cir. 1999); *see also Corley v. Rosewood Care Center, Inc.*, 142 F.3d 1041, 1058 (7th Cir. 1998) (*Corley I*) (stating that sanctions under Rule 11 are improper unless the moving party and the court comply with the twenty-one day safe harbor notice rule).

In this case, there is no indication in the record that the Plaintiff gave the Defendant twenty-one days to withdraw the emails that the Plaintiff claimed were fabricated. Instead, the

2

Plaintiff simply filed her sanctions Motion straightaway. The Motion does not include a statement that the Plaintiff contacted the Defendant in an attempt to get the emails withdrawn. Even though the Plaintiff is proceeding *pro se*—and as a result the Court construes her pleadings liberally—the Seventh Circuit has "repeatedly held [that] even pro se litigants must follow procedural rules." *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009). *See also Pearle Vision, Inc. v. Romm,* 541 F.3d 751, 758 (7th Cir. 2008) ("That courts are required to give liberal construction to pro se pleadings is well established. However, it is also well established that pro se litigants are not excused from compliance with procedural rules." (citation omitted)). Because the Plaintiff's sanctions Motion does not comply with the important procedural requirements of Rule 11, the Court will deny the Motion. *Corley I*, 142 F.3d at 1058.

The Defendant's sanctions Motion is likewise deficient. That Motion was filed on July 29. The record does not indicate that the Defendant gave the Plaintiff twenty-one days notice to withdraw the letter that the Defendant claims is fabricated. The Defendant's Notice [DE 130] to the Plaintiff of its intention to file a sanctions motion was made fourteen, not twenty-one, days prior to the Defendant's sanction Motion being filed. The sanctions Motion itself does not contain any statement that the Defendant complied with the twenty-one day safe harbor provision by contacting the Plaintiff in an attempt to have her withdraw the contested letter. Because the Defendant's sanctions Motion does not comply with the important procedural requirements of Rule 11, the Court will deny the Motion. *Corley I*, 142 F.3d at 1058.

For the foregoing reasons, the Court DENIES the Plaintiff's Verified Motion for Sanctions for Defendant(s) Filing Falsified Documentation [DE 132] and the Defendant's Verified Motion for Sanctions for Plaintiff's Filing Falsified Documents [DE 133].

So ORDERED on June 10, 2009.

       s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT