# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| MARGARET L. WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:07-CV-60-TS |
| | ) | |
| KAUTEX, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is a Motion entitled Appellant/Plaintiff Motion to Vacate Order and to Immediately Remand to the Court of Appeals for Expedited Consideration Also Motion the Court for Counsel [DE 161], filed by Plaintiff Margaret L. Wilson on June 29, 2009.

The *pro se* Plaintiff's filing asks the Court to vacate its June 10 summary judgment decision in favor of the Defendant and to transfer and/or remand the case to the Indiana Court of Appeals. (Pl. Mot. 1, 12.) The Plaintiff also asks that counsel be appointed to represent her. (*Id.* at 13.)

It is not clear what the Plaintiff is requesting. The Court could construe this as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b).[1] The Court could also construe this as a failed attempt to file a notice of appeal. The Plaintiff cannot do both of those things at the same time. She must either ask the Court to reconsider its ruling and then await the Court's decision on that motion, or file a notice of appeal. Also, the Plaintiff may intend to do something else with the current Motion.

---

[1] The Court would not construe it as a motion to alter or amend judgment under Rule 59(e) because the ten-day time period has elapsed.

If the Plaintiff wishes to file a notice of appeal, she should be aware that a civil litigant generally has 30 days after judgment is entered (it was entered on June 10 in this case) to file a notice of appeal with this Court. Fed. R. App. P. 4(a)(1)(A). In this case, that means the deadline is Friday, July 10. Also, appeals from this Court's decision and judgment are taken to the United States Court of Appeals for the Seventh Circuit, not the Indiana Court of Appeals. There is no legal basis for the Court to transfer this case to the Indiana Court of Appeals. Federal Rules of Appellate Procedure 3 and 4 contain other important information about filing a notice of appeal, the allowable time period for doing so, and the necessary content of the notice of appeal. The rules may be read at http://www4.law.cornell.edu/uscode/html/uscode28a/usc_sup_05_28_10_sq3.html. The Seventh Circuit's website is http://www.ca7.uscourts.gov/.

Because of the contradictory nature of the current Motion, it will be denied. The Plaintiff may file a motion for relief from judgment under Federal Rule of Civil Rule 60(b). That motion could also request (for approximately the fourth time in this case) that counsel be appointed, but even if the Court granted the request for counsel, it would only be for the limited time period needed for the Court to rule on the Rule 60(b) motion. The Plaintiff may also file a notice of appeal. Federal Rule of Appellate Procedure 24 governs how a party may proceed *in forma pauperis* (without prepaying the normal fees), including what information must be filed with this Court. However, a motion for appointment of counsel for the appeal would be filed with the Seventh Circuit, not this Court. Last, the Plaintiff may file a motion of some other sort. The Plaintiff should keep in mind that Northern District of Indiana Local Rule 7.1(b) requires that motions seeking relief "shall be separate."

For the foregoing reasons, the Court DENIES the Plaintiff's Motion for being ambiguous. The Plaintiff is reminded that the 30-day deadline to file a notice of appeal with this Court (to appeal the case with the Seventh Circuit) is Friday, July 10.

SO ORDERED on July 1, 2009.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT